## McANAW, Appellant, v. CLARK.

### Division One, March 12, 1902.

1. **Second Appeal:** EJECTMENT: STARE DECISIS. If the title, the testimony, the parties, the rulings and the land in suit in ejectment were the same on the second trial as on the first, the decision on the first appeal is decisive of the case on the second appeal.

2. **Ejectment:** VOIDABLE DEED: BY INSANE PERSON: REMEDY. The disaffirmance of a voidable deed made by insane persons not under guardianship, can not be by re-entry or by an action in ejectment. That rule applies only to deeds made by minors. To remove from the chain of title a deed made by an insane person not under guardianship, a separate equitable suit must be brought to set it aside, and until it is declared void in such suit ejectment can not be maintained.

McAnaw v. Clark.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,*
Judge.

AFFIRMED.

*Wm. Henry, H. T. Herndon* and *F. J. Porter* for appellant.

(1) .The evidence offered by plaintiff was amply sufficient to show a disaffirmance by the guardian of Samuel Matthis, Sr., of the deed of said Samuel to Ada L. Matthis. McAnaw v. Tiffin, 143 Mo. 667, especially opinion on rehearing at 143 Mo. 681; Craig v. Van Beber, 100 Mo. 584; s. c., 18 Am. St. Rep. 667; Eaton v. Parry, 29 Mo. 269; Leitendorfer v. Hempstead, 18 Mo. 269; Singer Mfg. Co. v. Lamb, 81 Mo. 324; Woocester v. Eaton, 11 Mass. 368; s. c., 13 Mass. 375; Ashmead v. Reynolds, 127 Ind. 444; Nichol v. Thomas, 53 Ind. 53; Crawford v. Scovil, 94 Pa. St. 48; Flanders v. Davis, 19 N. H. 139; Dewey v. Allgere, 37 Neb. 6; Hull v. Louthe, 109 Ind. 315; Key v. Davis, 1 Md. 32; 2 Beach, Mod. Law of Contracts, p. 1823, sec. 1390; Tied., Real Property, secs. 792-3; 2 Kent Com., 457; Clark, Contracts, p. 272. (2) But one election to ratify or disaffirm is allowed. Edgerton v. Wolf, 6 Gray 453; Scranton v. Stewart, 56 Ind. 69.

*Thomas E. Turney* and *James E. Goodrich* for respondent.

(1) The evidence in this trial is essentially the same as in the former trial between the same parties, reported in 143 Mo. 667. The evidence of title is precisely the same. The evidence of disaffirmance by the guardian, introduced at this trial, is at most cumulative. The institution of the suit by the guardian to set aside the deed, affords the strongest pos-

sible evidence of his intention to disaffirm it, and all testimony on that line is necessarily cumulative. Folding Bed Co. v. Railroad, 148 Mo. 484; Potter v. Adams, 143 Mo. 665. A judgment in an ejectment suit is not a bar to another suit, but a judgment in an ejectment suit in which the title was in issue and the right of possession was only an incident, has all the consequences of a former adjudication in an ordinary suit, when, in the second suit, the parties are the same, the land is the same, and the evidence in support of the respective titles is the same. Potter v. Adams, 143 Mo. 665; Miles v. Caldwell, 2 Wall. 35; Caperton v. Schmidt, 26 Cal. 479. While the suit reported in 143 Mo. 667, is entitled McAnaw v. Tiffin et al., the only real defendant was Margaret Clark, the defendant in this suit. (2) The deed of an insane person before inquest, and the deed of an infant, stand upon the same footing and are governed by the same rules in these particulars: They both convey the title of the grantor and both are voidable only. They do not stand upon the same footing, and there is but little similarity in the rights and obligations of the parties in other respects. Ridgeway v. Herbert, 150 Mo. 615; Jamison v. Culligan, 151 Mo. 410; McKenzie v. Donnel, 151 Mo. 458; Odom v. Riddick, 104 N. C. 515; s. c., 17 Am. St. Rep. 686; Jackson v. King, 4 Cowen, 207; s. c., 15 Am. Dec. 354, and note. (3) The deed of Samuel Matthis, Sr., could be avoided and the title recovered, only by suit to avoid the deed and by showing that he was *non compos mentis* at the time of its execution. Cutler v. Zollinger, 117 Mo. 101; Jamison v. Culligan, 151 Mo. 416; Moran v. Moran, 106 Mich. 8. And the suit could be brought only by his guardian, heir or administrator. McAnaw v. Tiffin, 143 Mo. 667; Hill v. Taylor, 125 Mo. 343; Rollett v. Heiman, 120 Ind. 511; s. c., 16 Am. St. Rep. 340. A creditor of the person alleged to be insane or a purchaser at an execution sale against him, even if the insanity was admitted, could not bring such a suit, much less can a creditor of the grantor's heir. McAnaw v.

Tiffin, supra; Rollett v. Heiman, supra.   But if this were a suit by the guardian, the testimony offered would be inadmissible under the petition.   Jamison v. Culligan, 151 Mo. 410; McKenzie v. Donnell, 151 Mo. 431; Moran v. Moran, supra.

MARSHALL, J.—This is an action to recover possession of lots 10 and 12 in city block No. 57, in Cameron, Clinton county, Missouri.   It is a second suit in ejectment for the same land, between the same parties, based upon precisely the same title and upon the same evidence.   The former suit resulted in the same rulings of the trial court, followed by the nonsuit of the plaintiff and his appeal to this court, where the judgment below was affirmed, in an elaborate and exhaustive opinion by Burgess, J. (McAnaw v. Tiffin et al., 143 Mo. 667), Mrs. Clark being the only real party to that suit, as she is the only party to this.   The title, the facts and the testimony are fully set out in the opinion in that case, and they are the same as are presented by this record, and hence need not be restated here.   The only difference even intimated by the plaintiff between the testimony then and now adduced is, that the guardian testified in this case that he notified Samuel Matthis, Jr., and his wife, Ada L. Matthis, to vacate the rooms they occupied in the hotel on the premises in controversy and that they did so, but the guardian is manifestly in error in this regard, for the lessee of the hotel testified that they did not vacate at any time during the existence of the guardianship, nor until they conveyed the property to Tiffin, on January 6, 1892.   The guardianship terminated with the death of Samuel Matthis, Sr., on September 30, 1891.   This, therefore, makes the case no stronger or different for the plaintiff than his prior case, which was adjudged against him.   Upon the authority of that decision, the judgment of the circuit court in this case must be affirmed.

It is apparent, however, that the plaintiff has mistaken his remedy.   He can not maintain ejectment until the deed

from Samuel Matthis, Sr., to Ada L. Matthis, under which, by mesne conveyances, the defendant holds title, is set aside, and that deed can only be set aside in equity. In ejectment, the right of possession alone is determined, and that is settled by the record title or by title by limitation based upon possession. The cases relied on by plaintiff holding that a disaffirmance of a voidable deed may be by re-entry or by an action in ejectment, apply only to minors. [Craig v. Van Bebber, 100 Mo. l. c. 589, and cases cited; 18 Am. State Rep. 664.] Those cases and the rules they announce have no application to deeds made by insane persons not under guardianship. [McKenzie v. Donnell, 151 Mo. l. c. 454, et seq.]

The judgment of the circuit court is affirmed. All concur.