BETSY ANN CHARLES et al., Appellants, v. JAKE PICKENS et al.

Division Two, July 25, 1908.

1. **JUDGMENT: Creditor's Bill: Scope: Against Remaindermen.** In a suit on a single creditor's bill, to have a deed from a deceased grantor to his five daughters and the heirs of their body set aside, as being in fraud of the rights of the grantor's creditors, and brought against said daughters and all of their children then living, a judgment, in so far as it undertakes to divest the title of the life tenants (said daughters) and of the remaindermen (the heirs of their bodies), and to vest the same

in the grantor's widow and the general heirs at law of said grantor, is void and of no effect, and does not divest the title of the remaindermen made parties or others subsequently born.

2. **ADVERSE POSSESSION: Grantees of Life Tenants.** Grantees of life tenants can no more contest the remaindermen's title by adverse possession than could the life tenants themselves. Their possession, if adverse to an outstanding title, inures to the benefit of the remaindermen.

3. ———: ———: **Common Source: Outstanding Title.** Where both plaintiffs and defendants claim through a common source, defendants as grantees of the life tenants in a deed from the common source as grantor, and plaintiffs as remaindermen under that deed, and defendants in addition claim under an outstanding title made long after the Statute of Limitations has run in favor of the life tenants against the original grantee and source of the outstanding title and his heirs at law, there is no longer any foundation for a claim of an outstanding title; for the possession of the life tenants and their grantees inured to the benefit of the remaindermen, "the heirs of their bodies," and that possession cannot be asserted by the grantees of the life tenants to destroy the remainder.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*Horace Ruark* and *Sturgis & Geyer* for appellants.

*Geo. Hubbert* with *Clay & Sheppard* for respondents.

GANTT, J.—This is a proceeding by the plaintiffs against the defendants under section 650, Revised Statutes 1899, to adjudge and declare the title to certain lands in Newton county, Missouri. The land in controversy is a part and parcel of the land described in the deed from Stephen D. Sutton and his wife to his five daughters and executed in 1860, and recorded in Book F, page 136, in the office of the Recorder of Newton county.

The cause was tried in the circuit court along with the two cases of Betsy Ann Charles et al. v. Thomas White et al. and George A. Neill et al., reported at page 187 of this volume; and the record is in all essential features the same as those in the two cases above mentioned, and presents the same questions of law already discussed in the opinion handed down at this time in those cases, with the exception that in this case additional questions are presented with relation to the title of Sutton and as to whether he had any estate that might be conveyed by his said deed, and if not whether the defendant Pickens is estopped to deny Sutton's title and hold the land against the plaintiffs. As to the effect of the conveyance from Sutton and wife to his five daughters and the heirs of their body, and as to the effect of the decree in the case of Rutledge v. Charles et al., the same consideration must control, and accordingly in our opinion the said deed of Sutton to Betsy Ann Charles et al., his five daughters, and "the heirs of their body," of date October 25, 1860, had the effect of conveying a life estate to each of the said daughters in said lands, with a remainder over to "the heirs of their bodies." And that the decree of the circuit court of Newton county in the case of Rutledge v. Betsy Ann Charles et al., of March 15, 1872, in so far as it undertook to divest the title of the said life tenants and remaindermen acquired under and by virtue of the said deed, and vest the same in the widow and the general heirs at law of the said Stephen D. Sutton, deceased, was void and of no effect and did not divest the title of the plaintiffs in and to said land.

Conceding that the defendants, Pickens and his codefendant, were not estopped from pleading the outstanding title in the Sexton heirs, the circuit court found that Stephen D. Sutton was the source of their title and certainly there was abundant evidence to sup-

port this finding. Indeed these defendants connected themselves with this outstanding title through the quit-claim deeds of Thrasher et al. to eight twenty-sevenths of the land, made long after the Statute of Limitation had run in favor of Sutton and his grantees. The circuit court having found this fact against the defendants, they are in no position on this appeal to complain of it.

Granting that the administrator's deed to Sexton's interest was void, the testimony overwhelmingly established the open, actual and continuous possession of these lands after his purchase by Stephen D. Sutton and his daughters until 1872, and then by their grantees, with the full knowledge and acquiescence of Sexton's heirs. We think that there is no foundation for the claim of an outstanding title in Sexton's heirs. The possession by the five daughters as life tenants and their grantees inured to the benefit of the remaindermen, "the heirs of the bodies" of said five daughters, and that possession cannot be asserted to destroy their remainder. [Sutton v. Casseleggi, 77 Mo. 405; Keith v. Keith, 80 Mo. l. c. 127; Salmons' Admrs. v. Davis, 29 Mo. 176; Stevens v. Martin, 168 Mo. 407; 1 Kerr on Real Property, sec. 576; Hickman v. Link, 97 Mo. 482; Manning v. Coal Co., 181 Mo. l. c. 373; Melton v. Fitch, 125 Mo. 281.]

We think the defendants in this case are in no attitude to avail themselves of any supposed outstanding title in Sexton's heirs. Mrs. Porter, the only one of the Sexton heirs who made any conveyance, had no title when that quit-claim deed was made, and the title by adverse possession by Sutton's daughters inured to the benefit of their bodily heirs, the plaintiffs herein, and the defendants claim through the deeds of the life tenants, and can no more contest the remaindermen's title by adverse possession than the life tenants themselves could. It results that, in our opinion, the facts

of this case bring it within the controlling principles of Charles et al. v. White, and Neill et al., supra, and for the errors noted the judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

*Fox, P. J.,* and *Burgess, J.,* concur.