WILLIAM H. CASE et al., Appellants, v. WILLIAM J. GOODMAN et al.

**In Banc, May 10, 1913.**

1. **USE: Execution: Married Woman.** The Statute of Uses does not execute a use in a married woman, and she, therefore, cannot herself convey the legal title to land held in trust for her.

2. ————: ————: ————: **Conveyance: Merger of Title.** Land was placed in trust for X, a married woman, and the heirs of her body. She gave those heirs her quitclaim deed to the land. *Held*, that the rights of the heirs were in no way affected by the deed. *Nemo est haeris viventis;* and there could be no merger of the remainder with the legal estate of the life tenant, for she had none.

3. ————: **Conveyance from Trustee: Taken with Notice: Limitations.** One who, with knowledge of the trust, takes from a trustee a conveyance made in violation of his trust, becomes himself a trustee *ex maleficio*, and the Statute of Limitations does not run in his favor as against the *cestui que trust*.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED (*with directions*).

*Mytton & Parkinson* for appellants.

*P. C. Breit* and *Booher & Williams* for respondents.

ROY, C.—This is an ejectment for forty acres of land in Andrew county. There was judgment for defendants and the plaintiffs appeal.

On July 15, 1843, Harrison McGlothling, the then owner, conveyed the land to John Terrell as trustee by deed which was recorded on the same day, "in trust for the use and benefit of her, the said Frances Case, and the heirs of her body." There was no power of sale given to the trustee, and no words creating an active trust.

Frances Case was married at the date of the above deed and her husband died in 1887. She died November, 1907. The plaintiffs are the heirs of her body.

On June 25, 1855, John Terrell, as trustee for Frances Case, for the expressed consideration of $400 conveyed the land to William Brown.

The defendants put in evidence a chain of title from William Brown to them, and the defendants and their predecessors in the title have been in the open, notorious, exclusive and adverse possession since the date of the deed from Terrell, to Brown, and defendants now claim title by adverse possession.

Defendants read in evidence a quitclaim deed from William Case and wife to William H. Case, Belle Case, Samuel Case and Cornelia Elliott, dated August 22, 1868, which deed does not appear to have been recorded. The plaintiffs objected to this deed on the ground that it had never been delivered or recorded and was made without the knowledge of these plain-

250 Mo.—8

tiffs and could not bind them in this case. The objection was overruled and plaintiffs excepted.

The defendants put in evidence the record of an ejectment suit for the land, brought by the grantees in the above quitclaim deed on August 31, 1868, against W. P. Hobson, who was then in possession under title from William Brown, said Hobson being in defendants' chain of title.

The plaintiffs herein are the above named William H. Case, Belle Case and Samuel Case and the heirs of Cornelia Elliott. The above case was dismissed, but the record does not show the date of the dismissal. The answer in that case admitted possession but was otherwise a general denial, and then set up title from William Brown.

I. It was held in Walton v. Ketchum, 147 Mo. l. c. 218, that the statute does not execute a use in a married woman, citing Tiedeman on Real **Use:** Prop., sec. 469, and 1 Perry on Trusts **Execution:** [4 Ed.], sec. 310. For that reason the **Married** **Woman.** legal title to the land was not in Frances Case at the date of the quitclaim deed by her to her children August 22, 1868, and that deed did not convey the legal title. As Frances Case was then living, she had no heirs. "No one is an heir of the living." There could be no merger of the remainder with the legal estate of the life tenant. The rights of the plaintiffs herein as the bodily heirs of Frances Case are not affected by the deed from her to her children.

II. The question whether the Statute of Limitations has run against the trustee in this case and whether thereby the remainder estate of **Trustee's** the bodily heirs has been barred has been **Conveyance:** **Taking with** prejudged against the respondents in **Notice:** **Limitations.** Elliott v. Machine Co., 236 Mo. 546, decided since the appeal was taken in this

case. That case holds that one who, with knowledge of the trust, takes a conveyance from the trustee made in violation of his trust, becomes himself a trustee *ex maleficio* and the Statute of Limitations does not run in his favor as against the *cestui que trust*. William Brown took title from John Terrell, the trustee, fully affected with constructive notice of the trustee's deed and the limitation therein to the bodily heirs of Frances Case. They took the legal title just as Terrell held it, as trustee for Frances Case during her life, with remainder to her bodily heirs. On the death of the life tenant, Terrell could not have held the land by the Statute of Limitations against her bodily heirs, and neither can these defendants who stand in his shoes.

In McDonald v. Quick, 139 Mo. 1. c. 498, it is said: "It is well settled law in this State that 'a purchaser of land is charged with constructive notice of everything contained or recited in the recorded deeds which lie in and constitute the chain of title under which he holds.' [Patterson v. Booth, 103 Mo. 402; Tydings v. Pitcher, 82 Mo. 379; Orrick v. Durham, 79 Mo. 174.] And it is equally well settled that 'one who acquires property with notice either actual or constructive that his grantor holds title as trustee, stands in his grantor's shoes and holds the property charged with the trust.' [27 Am. & Eng. Ency. Law, 252.]" The case of Ewing v. Shannahan, 113 Mo. 188, was not a case where the party claiming by adverse possession had title under the trustee.

The judgment is reversed and remanded with directions to proceed with the cause in accordance with this opinion. *Blair, C.*, concurs.

PER CURIAM.—Coming into Banc the foregoing opinion of Roy, C., is adopted as the opinion of the court. *Lamm, C. J., Woodson, Graves* and *Brown, JJ.*, concur, *Walker, J.*, in result. *Faris* and *Bond, JJ.*, take no part.