WILLIAM H. CASE et al. v. HARRY SIPES et al., Appellants.

Division Two, December 4, 1919.

1. **ACTION AT LAW: No Instruction: Appellate Practice.** In an action at law, tried by the court sitting as a jury, without instructions asked or given, the judgment, if sustained by substantial evidence and no reversible error was committed in the admission or rejection of evidence, will be affirmed by the appellate court.

2. **TRUST DEED: Before Patent Issued.** An after-acquired title acquired by a patentee from the Government passed by his deed made before said patent was issued. So that where land was conveyed to a trustee in 1843 for the use and benefit of the grantor's married sister-in-law and the heirs of her body, the title acquired by said grantor by patent issued by the United States in 1846 passed to said trustee by said prior conveyance.

3. ———: **Power of Sale: Trustees ex maleficio: Limitations: Adverse Possession.** A deed made by the owner of land to a trustee for a married woman and the heirs of her body in 1846 gave to said trustee no power of sale, but conveyed to her an estate in trust during her life and cast the estate at her death in 1907 upon the heirs of her body as remaindermen; and if the trustee, nevertheless, conveyed the land for a valuable consideration, the grantee and all persons who subesquently acquired title through said trustee, though they entered into possession, were trustees *ex maleficio* for the life tenant during her life and for the remaindermen after her death, and the remaindermen were at no time barred by limitations prior to the life tenant's death, however long those who claimed title on the strength of the trustee's deed

and *mesne* conveyances were in possession. In order for them to establish title by adverse possession, it was necessary that they claim under some chain of title or color of title other than that which emanated from the trustee.

4. ———: **Remaindermen: Limitations.** Where the land was conveyed to a trustee in 1846 for the use and benefit of a married woman and the heirs of her body, and her husband died in 1887 and she died in 1907, and defendants claim under said trustee and *mesne* conveyances by deeds all duly recorded, the remaindermen's action in ejectment brought in 1914 is not barred by limitations, but they are entitled to recover. The remaindermen did not take title from their mother, and nothing the trustee did could affect their rights, and they had no right of action until after their mother's death.

5. **EJECTMENT: Evidence: Abstract of Record on Former Appeal.** Where the actions are in ejectment, and the parties are the same, the abstract of record in the former trial on appeal is admissible in evidence, both for the purpose of disclosing the issues and facts in the former trial and as *res adjudicata* in respect to matters then adjudicated.

6. ———: **Res Adjudicata: Estoppel.** Where appellants on former appeal set up claim to the land as *mesne* grantees under the invalid deed of the trustee, they are precluded in a second trial of the same action in ejectment, between the same parties, for the same land, to set up a claim as grantees under another chain of title and adverse possession thereunder.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen,* Judge.

AFFIRMED.

*Booher & Williams* and *P. C. Breit* for appellant.

(1) The general rule is that whenever the right of action in a trustee who is vested with the legal title and is competent to sue is barred by limitations, the right of the *cestui que trust* is also barred, and this rule applies whether the *cestui que trust* be *sui juris,* or under disability during the period of limitations, or whether entitled to possession, or in remainder, it being held to be immaterial whether the remainder be vested or contingent. 25 Cyc. 1010; Walton v. Ketchem, 147 Mo. 209;

Chase v. Cartright, 53 Ark. 358; Meeks v. Olpherts, 100 U. S. 564, 25 L. Ed. 735; Schiffman v. Schmidt, 154 Mo. 204, 213; Edwards v. Woolfolk, 17 B. Mon. (Ky.) 376; Ewing v. Shannahan, 113 Mo. 188. Statutes of Limitation are looked upon with favor. Investment Co. v. Curry, 264 Mo. 497. (2) The deed from McGlothan to Terrell, in trust, for the use and benefit of Frances Case and the heirs of her body, conveyed the legal title to the land in dispute to John Terrell as trustee, and she being a married woman and the heirs of her body unknown and not ascertained, the Statute of Uses did not execute the trust but the legal title remained in the trustee. Case v. Goodman, 250 Mo. 112; Walton v. Ketchem, 147 Mo. 209; Simpson v. Jennings, 163 Mo. 332; Simpson v. Erisner, 155 Mo. 164; Tiedeman, Real Property, secs. 461, 466, 469, 470; Ewing v. Shannahan, 113 Mo. 188. (3) When the Statute of Limitations has run against the trustee who has the legal title and the sole right to sue for possession the *cestui que trust* is also barred. Walton v. Ketchem, 147 Mo. 209; Ewing v. Shannahan, 113 Mo. 188; Schiffman v. Schmidt, 154 Mo. 204; Simpson v. Erisner, 155 Mo. 157; Edwards v. Woolfolk, 17 B. Mon. (Ky.) 376; Meeks v. Olpherts, 100 U. S. 564. (4) When the Statute of Limitations once begins to run there can be no tolling or exceptions, except as provided by statute. DeHatre v. Edwards, 200 Mo. 267, 279; Investment Co. v. Curry, 264 Mo. 497; Turnmire v. Claybrook, 204 S. W. 178, 180; Smeiser v. Meier, 271 Mo. 187; Shaffer v. Detie, 191 Mo. 394; Schiffman v. Schmidt, 154 Mo. 204; Pim v. City of St. Louis, 122 Mo. 665; Rogers v. Brown, 61 Mo. 195; Landers v. Perkins, 12 Mo. 238; Dice v. Hamilton, 178 Mo. 88. (5) The statute began to run against the trustee February 17, 1880, and as he is barred so are the beneficiaries under the deed. Walton v. Ketchem, 147 Mo. 209; Ewing v. Shannahan, 113 Mo. 201; Schiffman v. Schmidt, 154 Mo. 204; Investment Co. v. Curry, 264 Mo. 497. (6) The court committed error in admitting the abstract of record of Case v. Goodman, for purpose of showing that

defendant claimed under the trustee. Porter v. Gaines, 151 Mo. 560; St. Louis Public School v. Risley, 28 Mo. 415. (7) Defendants have the right to rely upon as many defenses as they may have and if one title fails they may stand on another. Porter v. Gaines, 151 Mo. 560; St. Louis Public School v. Risley, 28 Mo. 415; Lewis v. N. Y. Life Ins. Co., 209 S. W. 632.

*Duvall & Boyd* and *E. L. Moore* for respondents.

(1) The McGlothing deed created a life estate in Frances Case, with remainder to the heirs of her body. Under our Statute of Uses the use would have become executed at once, if she had not been a married woman; that kept it from becoming executed. Case v. Goodman, 250 Mo. 114. But "Upon the death of the husband the trust terminates, and the legal title is then executed in the wife by the Statute of Uses." 2 Washburn (5 Ed.), 500; Roberts v. Moseley, 51 Mo. 286; Pitts v. Sheriff, 108 Mo. 116; O'Brien v. Ash, 169 Mo. 283; Stark v. Kirchgarber, 186 Mo. 642. (2) The remaindermen do not take from the life tenant, but from the original grantor. And therefore nothing the life tenant or her trustee could do would affect them. Frances Case died in 1907, less than ten years before this suit was brought, and therefore these remaindermen, her bodily heirs, could not be barred. They had no cause of action till her death. Hall v. French, 165 Mo. 442; Charles v. Pickens, 214 Mo. 215; Armor v. Frey, 253 Mo. 474; De Lashmutt v. Teetor, 261 Mo. 447; Lewis v. Barnes, 272 Mo. 406. Terrell was not trustee for the remaindermen; he was trustee for the life tenant only, because she was a married woman. Roberts v. Moseley, 51 Mo. 286; Glasgow v. Foundry Co., 229 Mo. 593; Speed v. Railroad, 163 Mo. 129. (3) Having claimed under the trustee's deed once, and thereby acknowledged that they had full knowledge of his breach of trust in making it, appellants are now precluded from denying that knowledge and escaping the penalty of that reliance. Coney v.

8—280 Mo.

Laird, 153 Mo. 408; Elliott v. Machine Co., 236 Mo. 561; Ogden v. Auer, 184 S. W. 72; Duckett v. Dry Goods Co., 99 Mo. App. 444; Canada v. Daniel, 175 Mo. App. 68-69; Donnell v. Wright, 147 Mo. 647; Emmert v. Aldridge, 231 Mo. 129; Armor v. Frey, 253 Mo. 475. ''Where a person has taken possession of or exercised acts of ownership over property under claim of title or right he is estopped to set up a claim inconsistent wth that under which he has acted. Thus a person is estopped from setting up an invalidity in the title under which he has had possession and exercised acts of ownership.'' 16 Cyc. 803; Railroad v. Lindell's Heirs, 39 Mo. 345; Boettger v. Roehling, 74 Mo. App. 265; Bank v. Totten, 114 Mo. App. 104.

RAILEY, C.—This is an action of ejectment, brought by plaintiffs in the Circuit Court of Andrew County, Missouri, on September 26, 1914, to recover possession of the northeast quarter of the southwest quarter of Section 24, Township 60, Range 35, located in said county. Defendant Harry A. Sipes was the tenant in possession under the other defendants, and disclaimed any interest in the land. Mrs. Candice Leach, prior to her marriage with Thomas Leach, was the widow of Frederick Yenni, and aside from Snipes, the other defendants are her children.

The answer of defendants, with part of the same stricken out by the trial court, left practically a general denial, and an assertion of title in defendants, by adverse possession under the Statute of Limitations.

The case was transferred to Buchanan Circuit Court, on the application of plaintiffs, and tried before the court without a jury and without instructions. The trial court found that plaintiffs Wm. H. Case, Samuel J. Case and Mary I. Case are the legal owners of and entitled to the possession of an undivided three-fourths interest, in and to said land, and that the plaintiff Wakefield Elliott is the owner of and entitled to the possession of an undivided 7/32 interest in and to said lands,

etc. Judgment, in due form, was rendered for respondents.

The evidence, and such other matters as may arise upon an inspection of the record, will be considered in the opinion.

Appellants, in due time, filed their motion for a new trial, which was overruled and the cause appealed by them to this court.

I. As this is an action at law, and tried without instructions, the judgment of the trial court, if sustained by substantial evidence, is conclusive against appellants here, unless reversible error has been committed in the admission or rejection of testimony. [Bingham v. Edmonds, 210 S. W. 885-6, and cases cited; Boas v. Branch, 208 S. W. 1. c. 86; Walker v. Roberts, 204 S. W. 1. c. 18; Roloson v. Riggs, 274 Mo. 1. c. 528, 203 S. W. 1. c. 975; January v. Harrison, 199 S. W. 1. c. 937; In re Lankford Estate, 272 Mo. 1. c. 8, 197 S. W. 147.] It, therefore, becomes necessary to consider the evidence, in connection with the law questions presented, in passing upon the foregoing question.

**Appellate Review.**

It was admitted at the trial that the title to the forty acres in controversy emanated from the United States Government, by patent, dated the first day of March, 1846, to Harrison McGlothling, of Andrew County, Missouri. On July 15, 1843, the above patentee conveyed said land to John Terrell, of Savannah, Missouri, in trust, for the use and benefit of Frances Case, his sister-in-law, and the heirs of her body. The after-acquired title of the patentee passed to the trustee. [Wood v. Smith, 193 Mo. 484; Organ v. Bunnell, 184 S. W. 1. c. 102, and cases cited.] At the date of delivery of said trust deed, Frances Case was married, and her husband died in 1887. She died in November, 1907.

**Trustees Ex Maleficio.**

On June 25, 1855, the above named John Terrell, as trustee, conveyed said real estate to William Brown, for the expressed consideration of $400. There was no

power of sale given to the trustee in the foregoing deed, nor does it contain any words creating an active trust. The deed from McGlothling to Terrell, as trustee, conveyed an estate in trust for Frances Case during her life, and cast the estate at her death, to the heirs of her body, as remaindermen. [Section 2872, R. S. 1909; Reed v. Lane, 122 Mo. 311; Utter v. Sidman, 170 Mo. 284-5; Miller v. Ensminger, 182 Mo. 195; Charles v. White, 214 Mo. l. c. 201; Cox v. Jones, 229 Mo. 53; Elsea v. Smith, 273 Mo. l. c. 412-13, 202 S. W. 1071.]

On February 7, 1908, respondents filed a suit in ejectment in the Circuit Court of Andrew County, Missouri, against these same appellants and Wm. J. Goodman, the tenant of defendants, to recover possession of the land in controversy here. Defendants answered in said cause with a general denial. On November 17, 1908, the trial court found the issues for defendants in the above cause, and plaintiffs therein appealed the case to this court. It is reported in 250 Mo. 112 et seq.

The abstract of record filed in the above case, containing all the evidence, pleadings and proceedings therein, was offered and considered in evidence in this cause. The oral testimony in both cases, is practically the same. In the former case, the record shows that these defendants *claimed title* to said land through the deed from Terrell, as trustee, to Brown, as well as by adverse possession.

The Court in Banc, speaking through Commissioner Roy, in 250 Mo. l. c. 113, said:

"On June 25, 1855, John Terrell, as trustee for Frances Case, for the expressed consideration of $400 conveyed the land to William Brown.

"The defendants put in evidence a chain of title from William Brown to them, and the defendants and their predecessors in the title have been in the open, notorious, exclusive and adverse possession since the date of the deed from Terrell, to Brown, and defendants now claim title by adverse possession."

Appellants, in the present case, after offering substantially the same oral evidence that was in the other case, supra, then offered a deed from John R. Caldwell and wife to Frederick Yenni, dated February 17, 1880, conveying this land, for the purpose of showing color of title, as a basis for said adverse possession. In the former case, the deeds to Caldwell, and from him to Yenni, were offered in evidence as a part of the record title, coming from the trustee, through William Brown to these defendants, as stated by Judge Roy, supra.

We have before us the abstract of record in the former case, which was offered in evidence in the present suit, and it contains the testimony of John R. Caldwell, in which he testified, that he was the owner of this land about nine or ten months. He further testified:

"Q. Well. you claimed to be the owner in fee? A. Why, certainly.

"Q. You sold it to Mr. Yenni, did you? A. Yes, sir.

"Q. And delivered the land and possession to him? A. Oh, yes; yes, sir." (Italics ours.)

This was a part of defendants' evidence, following their chain of record title from Brown to them.

These appellants likewise filed, in support of their motion for a new trial in this cause, the affidavit of John R. Caldwell, in which he states, that he purchased this land from Thomas Jenkins and Mary F. Jenkins, about January, 1879, and claimed to own it. The abstract in the former case shows that the deed to Thomas Jenkins, and the one from him to John R. Caldwell, were offered in evidence by these defendants, as a part of their record chain of title from the trustee, Terrell, through William Brown to appellants.

There was abundant evidence, therefore, before the trial court, tending to show that these defendants and their predecessors in title purchased and took possession of this land under and through their record chain of title from Brown to themselves. All of the deeds in defendants' record chain of title, from the trustee down, were

placed of record, and imparted notice, as to the origin of their title from the trustee.

Court in Banc, in the former case (250 Mo. 1. c. 114-5), with all the facts in both cases before it, between the same parties, concerning the same land, in the same kind of a case, held, that defendants were trustees *ex maleficio,* and that the Statutes of Limitations did not run against the *cestui que trust.* That "they took the legal title just as Terrell held it, as trustee for Frances Case during her life, with remainder to her bodily heirs."

It was the peculiar province of the trial court to pass upon the facts, and determine the credibility of the testimony taken before it. The findings and judgment of the trial court is sustained by substantial evidence, and is conclusive against appellants on the record before us. In the former trial Court in Banc, with all the facts before it, held, that these same defendants were *ex maleficio* trustees, and occupied no better position than did Terrell, the trustee. The trial court, in this case, had before it all the testimony in both cases, and, hence, was fully justified in reaching the same conclusion as that expressed by Court in Banc in the former litigation.

II. The trial court was justified in finding, from the record before us, that the title which Terrell, as trustee, conveyed to William Brown, passed by mesne conveyances, to these defendants as succes-

**Limitations.**

sors in title; that they took possession of said land under their deed from John R. Caldwell, who claimed to be the absolute owner of same, in 1880, by virtue of his record title through the mesne conveyances aforesaid; that appellants' possession was referable solely to the title emanating from the trustee to Brown, and from the latter, through said mesne conveyances, to appellants. We are, therefore, of the opinion, that defendants, by their purchase from Caldwell, became, and continued, as trustees *ex maleficio* and that the Statute of Limitations did not run in their favor against the *cestui que trust.* [Elliott v. Machine Co., 236 Mo. 546;

Case v. Goodman, 250 Mo. 1. c. 114-15.] The deed to Terrell, and the successive conveyances from him on down to appellants, were properly recorded and imparted notice to all those dealing with said property, as to Terrell's authority to pass title. [Garrett v. Wiltse, 252 Mo. 1. c. 713; Case v. Goodman, 250 Mo. 1. c. 115.] Upon the death of Frances Case in 1907, these respondents became the fee-simple owners of said real estate, as remaindermen. [Sec. 2872, R. S. 1909; Elsea v. Smith, 273 Mo. 1. c. 412-3, 202 S. W. 1071; Cox v. Jones, 229 Mo. 53; Reed v. Lane, 122 Mo. 311.]

As this suit was brought on September 26, 1914, respondents' right of action is not barred by limitation or adverse possession.

III. These respondents did not take title from their mother, the life tenant, but from the original grantor. Nothing which the life tenant or the trustee did could affect their rights. It is manifest from the undisputed facts in the case that these respondents, **Remaindermen.** as the bodily heirs of Frances Case, had no right of action which could be asserted in court, or elsewhere, until the death of their mother. The Statute of Limitations, therefore, as heretofore suggested, did not bar their right of recovery. [Hall v. French, 165 Mo. 430-442; Charles v. Pickens, 214 Mo. 215; Armor v. Frey, 253 Mo. 471, 474; De Lashmutt v. Teeter, 261 Mo. 440, 447; Lewis v. Barnes, 272 Mo. 397, 406.]

IV. These appellants, having claimed in the former case under the trustee's deed, as shown by their chain of title therein, and thereby acknowledged that they had information as to the trustee's breach of trust in making the deed, are now precluded from denying **Knowledge.** that knowledge, and escaping the penalty of that reliance. [Ogden v. Auer, 184 S. W. 72; Armor v. Frey, 253 Mo. 475; Elliott v. Machine Co., 236 Mo. 561; Emmert v. Aldridge, 231 Mo. 129; Coney v. Laird, 153 Mo. 408; Donnell v. Wright, 147 Mo. 647.]

V. Appellants contend that the abstract of record in Case v. Goodman, 250 Mo. 112, was improperly admitted in evidence in this case. The plaintiffs were the same in both cases. These appellants were defendants in both cases, and were the real parties in interest. Both cases were actions of ejectment, and the same land was in controversy in both suits. The record and proceedings in the former case were properly read in evidence. [Garton v. Botts, 73 Mo. l. c. 277-8; Conn. Mutual Life Ins. Co. v. Smith, 117 Mo. l. c. 296-7; Southern Pacific Railroad v. United States, 168 U. S. l. c. 59-60, and cases cited.] With all the testimony that is now in the present case before it, Court in Banc, in Case v. Goodman, 250 Mo. l. c. 114-5, decided that appellants herein were trustees *ex maleficio*, as to the real estate in controversy, and that the Statute of Limitations did not run against the *cestui que trust*. The record was not only competent for the purpose of disclosing the issues and facts in the original case, but was likewise competent, as *res adjudicata*, in respect to the matters involved in this litigation.

*Margin note:* Abstract: Res Adjudicata.

In Southern Pacific Railroad v. United States, 168 U. S. l. c. 48-9, Mr. Justice HARLAN of the Supreme Court of the United States, in discussing this subject said:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the

aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Numerous cases are cited by Mr. Justice HARLAN, in support of above proposition of law. To the same effect are the following: Boas v. Branch, 208 S. W. 1. c. 86; Richardson v. Dell, 191 S. W. 1. c. 64; State ex rel v. Patton, 271 Mo. 1. c. 559, 197 S. W. 353; Leslie v. Carter, 268 Mo. 1. c. 428, 187 S. W. 1196; State ex rel. v. Mining Co., 262 Mo. 1. c. 501-2, 171 S. W. 356; Barnhart v. Little, 185 S. W. 1. c. 177; Hines v. Hines, 243 Mo. 1. c. 495, 147 S. W. 774; Tie & Timber Co. v. Pulliam, 237 Mo. 1, 139 S. W. 144; Emmert v. Aldridge, 231 Mo. 1. c. 128, 132 S. W. 1050; Spratt v. Early, 199 Mo. 1. c. 500, 97 S. W. 925; Donnell v. Wright, 147 Mo. 1. c. 647, 49 S. W. 874; Mo. Pac. Ry. Co. v. Levy, 17 Mo. App. 1. c. 507-8; Hartford Life Ins. Co. v. Ibs, 237 U. S. 1. c. 673.

On the facts presented in this record, the same principles of law apply to successive actions of ejectment. [Realty and Development Co. v. Norman, 259 Mo. 1. c. 631-2; McAnaw v. Clark, 167 Mo. 443; Boas v. Branch, 208 S. W. 1. c. 86; 9 R. C. L. sec. 95, p. 926; 15 R. C. L. sec. 512, p. 1037; Warvelle on Ejectment, sec. 209, p. 214, and cases cited; Newell on Ejectment, p. 656, secs. 21-2.]

In Realty and Development Co. v. Norman, 259 Mo. 1. c. 631-2, Division One, in a unanimous opinion, in discussing this question, said:

"We cannot agree with the sentiment they express for two reasons: First, we are satisfied with the conclusion at which we then arrived after mature consideration and careful investigation; and, second, the former adjudication of the same question in the former suit between the same parties, upon the same evidence (the paper itself), is, even though the previous action was ejectment, conclusive in this. While a judgment in an

ejectment suit is not a bar to another suit for the same premises, the action being only possessory, yet when the title is in issue, and the right of possession only an' incident, it has all the consequences of an ordinary suit, when the parties are the same, the land is the same, and the evidence in support of the respective titles is the same. [McAnaw v. Clark, 167 Mo. 443; Potter v. Adams, 143 Mo. 665.]''

In McAnaw v. Clark, 167 Mo. 443, the facts and issues in the second ejectment suit were the same as those in the former, and it was held, that the judgment in the first suit was *res adjudicata.*

In Boas v. Branch, 208 S. W. 86, it appeared that an action of forcible entry and detainer had been commenced before the justice of the peace, to recover possession of the same real estate involved in the ejectment suit then pending. The action of forcible entry and detainer was decided by the justice in favor of Branch, and Boas appealed to the circuit court. The judgment of the latter remained unappealed from. The facts stated in the action before the justice were the same as those set up in the petition for ejectment. The other Division held that the judgment in the action for forcible entry and detainer was *res adjudicata* against plaintiff as to the same facts set up in the ejectment suit.

Appellants are now insisting that they should be permitted to recover upon a part only of same evidence used in the former case. We hold that this position is untenable, and that the finding below is sustained by the law and evidence of the case.

VI. At page 83 of appellants' brief, it is said: ''And the only question in this case is whether or not the Statute of Limitation has run against the legal title of the trustee.'' We have fully considered this question in the

Conclusion.

preceding part of this opinion. As heretofore suggested, it was the province of the trial court to pass upon the testimony. In doing so, it was not compelled to accept as true the testimony offer-

ed by appellants, in respect to the questions of adverse possession and limitations. The finding and judgment of the trial court were against the appellants, and upon a full consideration of the entire record, we are satisfied with the conclusion reached by it.

The judgment below is accordingly affirmed.

*White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.