WILLIAM H. JENNINGS et al., Appellants, v. J. E. CHERRY et al.

Division Two, December 3, 1923.

1. **BILL OF EXCEPTIONS:** Filed Within Time. A bill of exceptions filed at any time before the appellant is required to serve his abstract of the record, is filed in time, even though it is not filed within the time allowed by the trial court.

2. **TITLE:** Homestead: In 1872. Where the eighty acres of land was the homestead of the owner who died in 1872, the title, if

301 Mo.—21.

the property did not exceed $1500 in value, vested in his widow and minor children in fee—in the minors, however, only until they attained legal majority. After the minors attained their majority, the widow took the fee-simple title to the exclusion of her husband's heirs.

3. ———: ———: Abandonment: Right to Possession. Under the then homestead statute the widow, whose husband died in 1872, had no right to sell or dispose of the homestead during the minority of his children; but having sold and abandoned it, they thereafter had the undoubted right to exclusive possession and to take appropriate proceedings to establish such right.

4. ———: ———: Former Adjudication: Depriving Minor of Possession: Value of Homestead. Where the homesteader died in 1872, leaving a widow and minor children, and thereafter the widow sold the homestead, and a curator was appointed for the minors and he brought suit in ejectment for them against her grantee, the judgment of the circuit court in that case that the value of the homestead was less than $1200 and that her grantee was the owner of the fee was within its jurisdiction and became *res adjudicata*, without the appointment of commissioners to admeasure or set off the homestead. But so much of the judgment as undertook to adjudicate the value of the minor's interests and required her grantee to pay them a certain portion of the crops and excluded them from possession was in excess of the court's jurisdiction; but that miscarriage of justice is of no consequence in an ejectment brought against the grantee by the homesteader's children in 1920, where the youngest of them arrived at legal age in 1889, since their right to possession during their minority is not now an issue. The parties being the same in both suits, the issue alleged in the present ejectment that the homestead, at the time of the homesteader's death, exceeded $1500 in value, was concluded by the former judgment.

5. REPLY: New Issues: Fraudulent Judgment and Conveyance of Homestead. In an ejectment by minors for the homestead of their father who died in 1872, a reply, pleading that the deed of the widow to defendant's grantor, and the judgment of the circuit court, in an ejectment brought by their curator against said grantee, whereby it was adjudged that the value of the homestead was less than $1200, were collusive and fraudulent, is a departure in pleading, and sets up a new cause of action, and no evidence is admissible to sustain it. Besides, the widow could not be guilty of fraud in conveying her homestead, because the grantee took it subject to the rights of the minors to possession during their minority; and the former judgment, adjudging that the value of the homestead was less than $1200, being within its jurisdiction, that question cannot be opened by the reply.

Appeal from Jasper Circuit Court.—*Hon. Grant Emerson,* Judge.

AFFIRMED.

*C. R. Landrum* and *H. H. Bloss* for appellants.

(1)   The Statute of Limitations does not begin to run where there was an outstanding right in the widow to dower during her lifetime, where dower is unassigned, until the death of the widow.   Osborne v. Waldren, 146 Mo. 185; Holmes v. King, 93 Mo. 452; Sherwood v. Baker, 105 Mo. 472; Roberts v. Thompson, 174 Mo. 378; Graham v. Stafford, 171 Mo. 692; Mining Co. v. Coal Co., 181 Mo. 359.   (2)   Where a life tenant conveys to a third person by deed purporting to .on cy the fee-simple title, the possession of the grantee is not, and during the existence of the life estate, cannot be adverse to the remaindermen.   Melton v. Fitch, 125 Mo. 281, 290; Calvin v. Henenstin, 110 Mo. 575; Brown v. Moore, 74 Mo. 633; Rumey. v. Otis, 133 Mo. 85.   Gibbs by virtue of his deed merely stood in the shoes of the widow, and he does not hold adversely until dower is assigned or the widow's right expires by reason of death.   Calvin v. Henenstin, 110 Mo. 575, 582; Smith v. Patterson, 95 Mo. 525; Carr v. Dins, 54 Mo. 95; Starr v. Bartz, 219 Mo. 47.   (3)   The reply alleges a conspiracy to defraud the minors, and fraud in the very procurement of the judgment. The proof sustains the allegations.   Fraud in the inception and very procurements of the judgments renders them void and subjects them to attack in a collateral providing where such judgments are relied on to defeat the rights of the persons defrauded.   Cotteral v. Coon, 151 Ind. 182; Warthen v. Himstreet, 112 Iowa, 605; Ft. Jefferson Imp. Co. v. Greene, 65 S. W. 161; Johnson v. Girdwool, 143 N. Y. 660; Ward v. Southfield, 102 N. Y. 287; Monroe v. Monroe, 93 Pa. St. 520; In re Doughty, 42 Am. Dec. 326; Daniels v. Benedict, 50 Fla. 344; Carr v. Minor, 42 Ill. 179.   (4)   While the widow has the right under the

homestead law as then in force, to convey her homestead, yet her homestead right was restricted in respect to area and in respect to value, the limitation as to value being $1500. Weatherford v. King, 119 Mo. 51; Case v. Mitzenberg, 109 Mo. 311; Van Sikel v. Beam, 110 Mo. 589; Goode v. Lewis, 118 Mo. 357; Linville v. Hartley, 130 Mo. 252. In this case the land attempted to be conveyed was proven by undisputed testimony to have exceeded the value of $1500, hence the deed was a fraud upon the rights of the minors. Under the law as it then existed if the homestead exceeded her dower interest, she could have no dower. Bryan v. Rhodes, 96 Mo. 485. If the widow sells her unalloted homestead, the buyer is subrogated to her right as to value. Rogers v. Marsh, 73 Mo. 64; Williams v. Johnson, 160 Mo. 515. (5) Allotment is now impossible as to the parties to the transactions in controversy. If this undisputed evidence is to be believed, the defendant perpetrated a fraud upon the minors in the confusion of the estates and rights of the minors with the estates or rights given to the widow. If a party guilty of fraud confuses the property of another with his own so that there cannot be a separation, the law then to punish the party guilty of the wrong gives the entire property to the injured party. Meek v. Clear Jack Mining Co., 124 S. W. 1084, 141 Mo. App. 648; Blurton v. Hanson, 135 Mo. App. 548; Tootle v. Buckingham, 190 Mo. 183. Under the homestead law, as it then existed, the widow though vested with the fee in an alloted homestead, could not convey the title to a stranger and thus deprive the minors of their homestead rights. Rogers v. Mayes, 84 Mo. 520.

*L. V. McPherson, Rex V. McPherson* and *J. M. McPherson* for respondent.

(1) The judgment should be affirmed in this case for failure of appellants to perfect their appeal and file their bill of exceptions within the time allowed by the

trial court. R. S. 1919, sec. 1460. (2) The widow could not be guilty of fraud in conveying the eighty acres which vested in her in fee on the death of her husband. Fraud will never be presumed and the burden of proving fraud is on the party who alleges it. Gass v. Evans, 244 Mo. 329; Flood v. Busch, 165 Mo. App. 142. (3) Defendant Cherry held title under three different chains, either of which would be sufficient to defeat plaintiff's suit in eject-ment: (a) by the Thirty-One Year Statute of Limita-tions; (b) by a decree of the Lawrence Circuit Court vesting title in Norman Gibbs in 1876; (c) by warranty deed from Sarah Ellen Carroll (nee Jennings) widow of Francis M. Jennings. R. S. 1919, sec. 1311; Campbell v. Greer, 209 Mo. 199; Springfield v. Plummer, 89 Mo. App. 515; Rodney v. Gibbs, 184 Mo. 1; Skouten v. Wood, 57 Mo. 380. (a) The judgment of a court of competent jurisdiction directly upon the same point is a complete bar, and is conclusive between the same parties and their privies and is a complete estoppel in every other juris-diction. Mason v. Summers, 24 Mo. App. 174; Crispen v. Hanneran, 50 Mo. 415; Young v. Bryd, 124 Mo. 590; Haggan v. St. Louis, 135 Mo. 558; Foote v. Clark, 102 Mo. 394; Reynolds v. Hood, 209 Mo. 611; Noah v. German Insurance Co., 78 Mo. App. 370; Sutton v. Dameron, 100 Mo. 141. (4) On the death of Francis M. Jennings the title to the eighty acres in question, vested in his widow. From 1865 to 1875, when the husband died seized of a homestead in fee, the same vested in the widow in fee simple. This law was passed in 1865. Skouten v. Wood, 57 Mo. 380; Nicholson v. Robinson, 277 Mo. 494; West v. McMullen, 112 Mo. 405; Goodens v. Lewis, 118 Mo. 357; Register v. Hensley, 70 Mo. 194. This eighty acres was shown to be of the value of $1200, at the time of the death of Francis M. Jennings, and being the homestead, it vested in the widow in fee. Burgess v. Bowles, 99 Mo. 543. (5) No proceedings were ever had to assign dower in the lands in controversy, and they were of less value than $1500, but even if they were of greater value than allowed as homestead, until dower was assigned, the

widow, or any one holding a deed from her, was entitled to possession of the premises, and if plaintiffs ever had an interest in the eighty acres above the value of the homestead, if it was of greater value, their right to assert it, has long since been barred by limitations. Phillips v. Presson, 172 Mo. 24; R. S. 1919, sec. 334.

HIGBEE, C.—This is an action of ejectment against Mary Gibbs, brought in the Circuit Court of Lawrence County, for the east half of the northwest quarter and the northwest fourth of the northwest quarter of Section 26, Township 28, Range 27, in Lawrence County. An amended petition was filed, laying the ouster on the — day of ———, 1914, and averring that since the institution of the suit Mary Gibbs on May 17, 1920, conveyed the land to Rex V. McPherson, and that McPherson conveyed it to J. E. Cherry, who was then in possession.

The defendants, J. E. Cherry, Rex V. McPherson, Mary Gibbs and Charles A. Manse, each filed a separate answer, admitting that Mary Gibbs conveyed the land to Rex V. McPherson on May 17, 1920, and that McPherson, on July 24, 1920, conveyed it to J. E. Cherry; that the defendant Cherry is the owner and is now in possession of said land and that he and those under whom he claims title have had exclusive adverse possession and paid all the taxes thereon for more than thirty-one years, denying all other allegations of the petition, and praying that the title be adjudged to be in the defendant Cherry.

The reply is a general denial and avers fraud in the procurement of defendant's title and, in the view we take of the case, need not be set out. The venue was changed to Jasper County where, on trial, the plaintiffs dismissed the action as to the northwest fourth of the northwest quarter of Section 26. The court found the issues for the defendants and the cause was dismissed, from which judgment the plaintiffs appealed.

It was admitted on the trial that Francis M. Jennings, the father of the plaintiffs, acquired title to the land in controversy by deed, dated March 14, 1870, which was duly filed and recorded showing that the consideration

paid was $3000; that he and his family resided on said land as his homestead until he died, intestate, on October 11, 1871, leaving the four plaintiffs as his only children and heirs, the eldest being then fifteen and the youngest three years of age. They were children by a former marriage. Their mother having died, their father, about one year before his death, intermarried with Sarah Ellen Faucett, who survived him. The widow and the plaintiffs continued to live on the land until May 10, 1875, when Mrs. Jennings (then the wife of John D. Carroll) and her husband conveyed it to Norman Gibbs for the consideration of $200, who thereupon took possession of the land. Plaintiffs' evidence tended to show that the land was worth $25 or $30 per acre at the time of their father's death; that when the stepmother conveyed the land to Gibbs she told plaintiffs they would have to find a home elsewhere; that the eldest boy, William H. Jennings, found a home for his sister Isabell, and took his two brothers and went to Arkansas, and that neither of the three brothers has ever since lived in this State. Mrs. Jennings (Mrs. Carroll) died in the year 1914.

The evidence for the defendant tended to prove that Norman Gibbs took possession of the land on May 10, 1875, and remained in exclusive possession thereof until he died, testate; that by his last will he devised it to his widow, Mary Gibbs, who remained in exclusive possession until May 17, 1920, when she conveyed it to Rex V. McPherson, who thereafter conveyed it to the defendant Cherry. Why either of the other parties were joined as defendants or some of them are named as executors, does not appear.

The defendants read in evidence the orders of the Probate Court of Lawrence County, made at the January term, 1873, reciting that each of the plaintiffs was a minor residing in said county, and appointing Andrew J. Durnell curator of the estates of said minors, and that he qualified and gave bond as such. The order also recites that William H. Jennings, over the age of fourteen years,

appeared and made choice of said Durnell as curator of his estate.

The defendant also read in evidence the judgment of the Circuit Court of Lawrence County, rendered March 8, 1876, in the case of Andrew J. Durnell, as curator of the plaintiffs, aginst Norman Gibbs and Sarah Ellen Carroll, formerly Sarah Ellen Jennings. This was an action in ejectment for the eighty acres in controversy. The judgment recites that the court finds from the evidence that Francis M. Jennings died on August—, 1872, leaving Sarah Ellen Jennings, now Sarah Ellen Carroll, as his widow, and the plaintiffs his sole children and heirs at law; that said Francis M. Jennings owned said land in fee; that it did not then exceed $1200 in value and was the homestead of said Jennings at the time of his death; that it passed to and vested in his said widow in fee, subject to a reasonable allowance from the products and rents of said land toward the support of such of said minor children as were not of sufficient ability to support themselves until they attained their majority; that on November 16, 1875, Sarah Ellen Carroll sold and conveyed said land to the defendant Norman Gibbs, who thereupon took and still retains possession thereof; that the fences on said land had been washed away and that it would take the rent and income of said land for the year 1876 to repair them; that William H. Jennings and Isabell Jennings are fully able to support themselves, but that James Robert Jennings and Thomas Jennings are not; that if said Gibbs shall cultivate said land or any part thereof, he shall render to said Durnell as curator of said James Robert and Thomas Jennings each the one twenty-fourth part thereof in kind of the crops he may raise thereon until each of the said minors attained his majority, to-wit, January 1, 1882, and January 1, 1884, respectively, and that subject to said charges said Gibbs is the owner of said lands in fee, and judgment was rendered accordingly. The annual and final settlements of the curator were read in evidence, showing the receipt of

various small sums paid the curator by Gibbs as rent, and that Durnell accounted to each of said two minors and that he paid small sums to them.

Plaintiffs, in rebuttal, offered evidence tending to show that Norman Gibbs knew at the time he got the deed from Mrs. Carroll that her purpose in selling the land was to cheat and defraud the plaintiffs out of their inheritance, and that McPherson and Cherry had notice of such purpose when they severally acquired title; also that Durnell brought the suit against Gibbs through collusion with the latter to enable him to defeat plaintiffs' title.

I. Respondents insist that appellants' bill of exceptions should not be considered because it was not filed within the time allowed by the trial court and that further time was not granted for that purpose. Section 1460, Revised Statutes 1919, provides that the bill of exceptions may be filed at any time before the appellant shall be required . . . to serve his abstracts of the record. The bill of exceptions was properly filed. [State v. Rogers, 253 Mo. 399, 409; Grouch v. Heffner, 184 Mo. App. 265, 368.]

**Bill of Exceptions.**

II. Under the conceded facts, at the time of the death of Francis M. Jennings on October 11, 1871, the homestead, if not exceeding the value of $1500, vested in the widow and the minor children in fee, the latter, however, only having "an interest in such homestead until they shall attain their majority." [Wagner's Statutes 1870, p. 698, sec. 5; Skouten v. Woods, 57 Mo. 380; Van Syckel v. Beam, 110 Mo. 589, 592.] After the children attained their majority, the widow took a fee-simple title to the land comprising the homestead to the exclusion of her husband's heirs. [Weatherford v. King, 119 Mo. 51, 55; Linville v. Hartley, 130 Mo. 252, 256.] During the minority of the children, the widow had no right to sell or dispose of the homestead to the prejudice of the minor children. [Phillips v. Presson, 172 Mo. 24, 27.]

**Fee of Homestead.**

The widow having sold and abandoned the homestead, they had the undoubted right to the exclusive possession thereof and to take appropriate proceedings to that end.·

III.   The plaintiffs contend that the land exceeded in value the sum of $1500 and that they are entitled to recover such excess.   The defendants insist that the question of homestead was adjudicated in the judgment rendered in the Durnell Case against Gibbs, in which the court found and declared that Gibbs was the owner of the eight7 acres in fee, subject to the payment of certain charges which terminated January 1, 1884.   If the court had jurisdiction to render that particular judgment in the action of ejectment, it is clear that the judgment is *res adjudicata.*

Minor's Right to Possession.

Durnell was the legally appointed and qualified curator of the estates of the plaintiffs.   As such he had authority to prosecute the action of ejectment.   [1 Wagner's Statutes, 1870, p. 674, sec. 11.]   The court found the land was the homestead of Francis M. Jennings, deceased; that it did not exceed $1200 in value at the time of his death, and that the widow of the deceased homesteader sold and conveyed the land to Norman Gibbs. The value of the homestead was an issue in the case and the court having found that its value was less than $1200, there was no reason for the appointment of commissioners to admeasure and set it off.   "The statute only requires the appointment of commissioners for such purpose when it is necessary that it should be done."   [Rogers v. Marsh, 73 Mo. 64, 69; Stoepler v. Silberberg, 220 Mo. 258, 270.]   The judgment in that respect was within the jurisdiction of the court and was a final adjudication that Norman Gibbs was the owner of the homestead in fee, subject to the interests of the plaintiffs during minority, which the court attempted to adjudicate in contravention of their rights as declared by statute.   In that respect, the judgment was a miscarriage of justice and

in excess of the jurisdiction of the court; the court had no power to render that particular judgment excluding the plaintiffs from possession of the land during their minority. [Gray v. Clement, 286 Mo. l. c. 109, 227 S. W. l. c. 113; McConnell v. Deal, 296 Mo. 275, 246 S. W. 595.] But we are not now concerned with this phase of the case. The youngest of the plaintiffs attained his majority in the year 1889 and their right to the possession of the homestead during minority is not now an issue in this case.

In the present action, plaintiffs seek to recover on the ground that the homestead, at the time of their father's death, exceeded the value of $1500. The plaintiffs are the same in both actions. The defendants in the present action claim title to the same land under Norman Gibbs, the defendant in the former action, and are therefore in privity with him. The issues in each action are the same. "The record was not only competent for the purpose of disclosing the issues of facts in the original case, but was likewise competent as *res adjudicata* in respect to the matters involved in this litigation." [Case v. Sipes, 280 Mo. 110, 120, 217 S. W. 306, 309, and many cases cited by RAILEY, C.]

In 23 Cyc. 1325, it is said: "At common law where there were many forms of actions concerning real property, some involving the mere possession, others the right of possession, and others the right of property, it was a general rule that a judgment in an action of inferior grade, while conclusive on the matters actually involved, was no bar to an action of a superior grade. But under modern systems the question of the title to land may be conclusively settled, like any other question, by its actual trial and adjudication, without regard to the form or nature of the action in which it arises, provided only that it is actually and fairly at issue in the suit, and that the adjudication is made by a court having jurisdiction of the subject-matter, and that the proceedings are legal and valid."

The court having affirmatively found that Norman Gibbs, by virtue of the deed executed to him by the widow

of Francis M. Jennings deceased, was the owner in fee of the land in controversy, as heretofore stated, the judgment is conclusive on that issue in the present action. [Idalie Realty & Dev. Co. v. Norman, 259 Mo. 619; Bobb v. Kier, 246 S. W. (Mo.) 926; Fitzgerald v. DeSoto Special Road Dist., 195 S. W. (Mo.) 581.]

IV. The plaintiffs, by their reply, pleaded that the deed from Mrs. Carroll and her husband to Gibbs, as also the judgment in the Durnell Case, were collusive and fraudulent. This was a departure in pleading; ''the statement of matter which is not pursuant to the previous pleading of the same party and which does not support and fortify it. The reply or replication must not depart from the complaint, petition or declaration, and it follows that the new cause of action cannot be set up in the reply.'' [31 Cyc. 255.] The plaintiff must recover on the cause of action stated in the petition or not at all. [Moss v. Fitch, 212 Mo. 484 (3) ; Davis v. W. U. Tel. Co., 198 Mo. App. 696.] Evidence is inadmissible under the allegations of such a reply. The widow could not be guilty of fraud in conveying her title to the land to Gibbs, because he took it subject to the rights of the plaintiffs to assert and maintain their rights in an appropriate proceeding. Such conveyance could not impair or effect their rights under the homestead law.

As this was an action at law and was tried to the court without declarations of law and as no errors were committed during the trial, the finding and judgment of the court, supported by substantial evidence, are conclusive. [Nevins v. Gilliland, 290 Mo. 293, and cases cited.]

The judgment is therefore affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.