THE STATE ex rel. BUCHANAN COUNTY v. AMBROSE PATTON et al., Appellants.

Division Two, July 16, 1917.

1. **RES ADJUDICATA: Same Legal Right Involved.** A former judgment is conclusive in a second suit between the same parties where the same legal right as that involved in the former suit comes again in issue, although the second suit is upon a different cause of action.

2. ———: ———: **What Are Different Parties.** If the party pleading the former judgment in his favor as an estoppel and the party against whom it is pleaded, were both parties to the former action, the plea of *res adjudicata* will still be available, although additional parties are made defendants.

3.  ———: ———: Suit Against Circuit Clerk for Excessive Fees.  If
in both suits the issue was whether the defendant was entitled to
a salary of $2000 a year as clerk of the criminal court in addition
to $2000 he received as salary as clerk of the circuit court of the
same county, and the cause of action in the first suit involved his
salary for the same term, though for a different part of that
term, a judgment for him in that case was *res adjudicata* of the
issue in the second suit and operates as an estoppel in his favor,
although in the first he was the only defendant, and in the sec-
ond he and his bondsmen are made defendants.

4.  **FEES RETAINED FOR DEPUTIES:** Clerk of Circuit and Criminal
Court.  The clerk of the circuit court of Buchanan County who
was also clerk of the criminal court in said county was not en-
titled in the year 1910 to retain sums paid deputies or assistants
employed in the criminal court in addition to the amount allowed
by law for such help in the circuit court.  The largest amount
he could retain that year for the hire of all deputies and assistants
was $5800.

Appeal from Buchanan Circuit Court.—*Hon. W. C. El-
lison,* Special Judge.

Reversed and remanded *(with directions).*

*Charles F. Strop* and *Graham & Silverman* for ap-
pellants.

(1) The judgment rendered in the former suit be-
tween the same parties was a complete bar and estoppel
to a subsequent litigation of the same question in this
case; and the court erred in refusing to apply the doc-
trines of *res adjudicata* and estoppel by judgment.
Turnverein v. Hagerman, 232 Mo. 693; Driving Park v.
Kansas City, 174 Mo. 425; LaRue v. Kempf, 186 Mo.
App. 57; New Orleans v. Bank, 167 U. S. 371; Baldwin v.
Maryland, 179 U. S. 220; Beloit v. Morgan, 7 Wall. 619;
Black on Judgments (2 Ed.), p. 764, par. 504.  (2) In
the former suit appellant's right to a salary as clerk of
the criminal court was directly adjudicated, and the same
question cannot be again subsequently litigated by the
same parties or their privies, although the present ac-
tion involves his compensation for a different year, but
the same term of office held by the same person.  Au-
thorities cited supra; also 23 Cyc. 1215, 1218, 1289, 1298,

and 1300. (3) Where a judgment determines the title or right under which a party claims, it is decisive as to any other property or right claimed under the same title. 23 Cyc. 1292. (4) Where a series of actions are brought on a continuing or recurring cause, an adjudication in the first action on the fundamental state of facts on which they all rest will be conclusive in the rest, precluding inquiry into such ultimate facts or grounds of recovery. 23 Cyc. 1295 and 1186. (5) By, the statute creating the court Patton was entitled to the salary retained by him. Sec. 4194, R. S. 1909. (6) Appellants were entitled to credit for the amounts expended for deputy hire. 'Sec. 10722, R. S. 1909. (7) The judgment upon the demurrer is as conclusive as though rendered upon hearing because the determination of the demurrer involved the life and substance of plaintiff's cause of action. Johnson v. United Railways, 243 Mo. 290; Insurance Co. v. Smith, 117 Mo. 296; Coleman v. Dalton, 71 Mo. App. 23; Pond v. Huling, 125 Mo. App. 482.

*Oscar D. McDaniel* for respondent.

(1) The judgment rendered in the former suit between respondent and appellant is not a bar or estoppel of the determination of the issues in this case, because the parties are not the same, and the parties in the suit pleaded in bar were not adversary parties, and the object of the two suits are different, and different proofs were required to sustain the two actions. Baumhoff v. Railroad, 205 Mo. 267; Comstock v. Keating, 115 Mo. App. 372. (2) The *res* in the suit pleaded in bar was the $899.52, and the only thing adjudicated was appellant's right to that sum of money. (3) *Res adjudicata* or estoppel by judgment does not apply to abstract propositions of law. 23 Cyc. 1290; State ex rel. v. Broatch, 94 N. W. (Neb.) 1106; State ex rel. v. Savage, 91 N. W. (Neb.) 557; Brewster v. Striker, 2 N. Y. 19. (4) A judgment or decree rendered by consent of the parties is not *res adjudicata*. Wadhams v. Gay, 73 Ill. 415. (5) Estoppel is not favored in law, and any doubts as to a question being *res adjudicata* should be resolved against the party

urging the plea. An estoppel can never be allowed, where it would itself perpetrate a fraud, or work injustice. Turnispeed v. Hudson, 50 Miss. 429; Mills v. Graves, 38 Ill. 455; Baumhoff v. Railroad, 205 Mo. 1. c. 267; Franklin v. Merida, 35 Cal. 558; Bradford v. Company, 58 Ga. 286. (6) The statute creating the criminal court does not allow appellant a salary as ex-officio clerk of the criminal court, as contended for by him, and the right to a salary or compensation must be conferred by statute. State ex rel. v. Adams, 172 Mo. 1. (7) Appellants were not entitled to credit for the amounts alleged to have been spent for deputy hire during the year 1910, and for which judgment was rendered in favor of respondent. Secs. 10721, 10722, R. S. 1909.

WHITE, C.—The suit is brought against the defendant Ambrose Patton, as clerk of the circuit and criminal courts of Buchanan County, Missouri, and his sureties on his official bond, to recover moneys collected by him in his official capacity and retained, it is claimed, in excess of the compensation allowed him by law.

The petition was in four counts, one covering fees collected and retained for the year 1907, one for such fees retained for the year 1908, one for the year 1909, and one for the year 1910.

At the January Term, 1914, of the Buchanan Circuit Court there was a judgment for the defendant on the first, second and third counts of the petition, and a judgment for the plaintiff and against the defendant on the fourth count for the sum of $5349.59, with interest from January 20, 1911, making a total judgment of $6,-248.90. From this judgment the appeal is taken.

Patton was clerk of the circuit court of Buchanan County, and also, under section 4194, Revised Statutes 1909, *ex officio* clerk of the criminal court of said county; he claimed that he was entitled to a salary of $2000 a year as clerk of the circuit court and the same amount as clerk of the criminal court. He also claimed he was entitled to retain for deputy hire in each court the sum of $5800, under the provision of Section 10722. For the

year 1909 he collected as fees in both courts an amount sufficient to pay his deputies and assistants, his salary of $2000 as clerk of the circuit court, and $899.52 to apply on his salary as clerk of the criminal court.. In 1910 he collected fees in the criminal court enough to pay himself $2000 salary for that year; $1100.48, the balance of his salary for the previous year; deputy hire amounting to $2250; besides a large balance which he paid to the county. In the circuit court he collected fees in that year to pay his salary of $2000, clerk hire $5800 and an additional sum to pay over to the county.

The amount found against the defendant consists of three items: one item of $1100.48 represented the deficit in the criminal clerk fees collected in 1909—the amount he retained out of the fees collected the following year to make up his salary of $2000 as clerk·of the criminal court for 1909; one item of $2000 he retained for his salary as clerk of the criminal court for the year 1910; the third item, $2250, was the amount paid for deputy hire in the criminal court for the year 1910, in addition to the amount of $5800 paid to deputies in the circuit court. The plaintiff claimed that defendant was entitled to only $2000 a year salary for serving as clerk of both courts; and, therefore, that he had no right to retain that $1100.48 to apply on the balance of his salary as clerk of· the criminal court for the year 1909, nor to $2000 which he retained as salary as clerk of the criminal court for the year 1910. The item of $2250 is disputed by the plaintiff on the ground that he was entitled to retain for deputy hire only sufficient sums to pay $5800, the amount provided for his "deputies or assistants" as clerk of the circuit court.

The points in issue are, *first,* whether the defendant was entitled to receive a compensation of $2000 a year as clerk of the criminal court, and the same amount as clerk of the circuit court; and, *second,* whether he was entitled to retain for deputy hire any more than the $5800 provided by section 10722; that is, whether in addition to that amount paid to deputies and assistants in the circuit court he could also pay any sum for such services in the

criminal court. The circuit court found against defendant on each of these points.

I. The answer to the petition pleaded that the right of the defendant Patton to retain the amounts he did for his additional salary was *res adjudicata;* that suit had been brought against him by Buchanan County for $899.-52, which he appropriated for that purpose for the year Former 1909; that judgment had been rendered in Adjudication. his favor, thereby settling the question as to his right to such salary. The respondent claims that that judgment is not *res ad,udicata,* because the suit in this case is for money not involved in that suit. It is further claimed that the parties are not the same, inasmuch as the sureties on the official bond of Patton are parties to the present suit, while Patton only was a party to the suit by the county for $899.52.

The files in that case were introduced in evidence. The cause of action stated by the county alleged that defendant had unlawfully retained $899.52. The defendant demurred to the petition, claiming that the petition showed he had retained only $2000 for salary as clerk of the circuit court, and therefore, on its face, showed he had a right to the $899.52 to apply on his salary as clerk ef the criminal court. His demurrer was sustained and judgment entered accordingly.

In order that a judgment may conclude the parties in a subsequent suit, the cause in which the judgment was rendered need not involve the same facts nor the same claim or demand which was adjudicated in a prior action; the test is whether there is an identity of issues. A former judgment is conclusive in a second suit between the same parties where the same *legal right* as that involved in the former suit comes again in issue, although the second suit is upon a different cause of action. This applies to successive suits brought on a continuing or recurring cause of action. [State ex rel. v. Mining Co., 262 Mo. l. c. 502; Exposition Driving Park v. Kansas City, 174 Mo. l. c. 438-9; Turnverein v. Hagerman, 232 Mo. l. c. 704; Edmonson v. Carter, 180 Mo.

515; LaRue v. Kempf, 186 Mo. App. l. c. 70-1; Drake v. Mayor of New York, 77 N. Y. 611; So. Minn. Ry. Ext. Co. v. Railroad, 55 Fed. 690; Hirshbach v. Ketchum, 82, N. Y. S. 739; Rankin v. City of Big Rapids, 133 Fed. 670; L., N. A. & C. Ry. Co. v. Carson, 169 Ill. 247.] Nor does it matter that additional parties are made defendants in this case, because the party pleading the estoppel and the party against whom it was pleaded were both parties to the former action. [Young v. Byrd, 124 Mo. 590; Nave v. Adams, 107 Mo. 414.]

The matter adjudicated in the former case was whether or not the defendant Patton was entitled to a salary of $2000 a year as clerk of the criminal court in addition to the $2000 he received as salary as clerk of the circuit court. Although the cause of action at this time involves his salary for a different time, it was the same official term. The right to both salaries having been determined in his favor, further inquiry into that matter is precluded. Therefore, the trial court was in error in rendering judgment against him for the first two items of $1100.48 and $2000.

II. Was Patton entitled to retain sums paid deputies or assistants employed in the criminal court in addition to the amount allowed by the law for such help in the circuit court?

**Deputy Hire.**

Section 4194 in the act creating the criminal court of Buchanan County provides:

"The clerk of the circuit court of Buchanan County shall also act as and be the clerk of said criminal court and shall perform the same duties and receive *the same compensation* as is or may be allowed to clerks of circuit courts for like services."

The act creating the criminal court of Buchanan County was passed in 1885, containing the section which is now Section 4194. While that was in force, in 1891, the act was passed fixing the amounts a circuit clerk could retain for himself and for deputies and assistants. That act, in article 2, included section 10721, Revised Statutes 1909, as it now stands, and section 10722 as it

was before the amendments of 1903 and 1909, to be noted below.

Section 10721 requires every clerk of a court of record in every county to make a quarterly report to the county court and contains the following, in a proviso at the end:

"And in all counties where one person is clerk of the county and circuit courts, *or clerk of one court and ex-officio clerk of another court,* his statement shall be separate for both courts. . . . In all cases contemplated in this proviso *they shall be treated as one office and the person shall be allowed an amount not exceeding the amount specified in the next section."*

The next section, 10722, provides:

"The aggregate amount of fees that any clerk under articles 2 and 3 of this chapter shall be allowed to retain for any one year's service shall not in any case exceed the amount hereinafter set out."

Then follows in the same section the provision that in counties of the population which would include Buchanan, the clerk shall be "allowed to pay deputies or assistants" the sum of $3500.

In an amendment in 1903 the amount was raised to $4800 for such counties having more than one division of the circuit court. In 1909 the section was again amended allowing $5800 for deputies or assistants in such counties which may "contain a city of the first or second class." This last amendment could apply only to Buchanan County and completed Section 10722 as it now stands.

The legislative intent is clear that the sum of $5800 should be the maximum amount allowed for the services of deputies or assistants in both the circuit and criminal courts. And the use of the word "compensation" in Section 4194 contemplates only what the clerk shall receive for his own services, and has nothing to do with the amount allowed for deputies or assistants.

271 Mo.—36

The judgment is reversed and the cause remanded with directions to render judgment for plaintiff for $2250 and interest thereon from the time the court may find the same became due the county.

*Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All concur, *Faris, J.,* in result.