FRESHMAN v. ATKINS.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1923. Rehearing Denied December 24, 1923.)

No. 4136.

1. **Evidence** ⬅43(1)—**On application for discharge in bankruptcy, judge may take judicial notice of his own records.**

Under Bankruptcy Act, § 14 (Comp. St. § 9598), which requires the judge to "investigate the merits of the application" for a discharge, he may take judicial notice of prior proceedings in his own court, and base his action on the same, and on facts admitted or shown by the report of the referee, though the pleading filed and proof submitted by the objecting creditor do not raise that issue.

2. **Bankruptcy** ⬅404(2)—**Bankrupt held not entitled to discharge in second proceeding from debts proved in prior proceeding.**

A bankrupt is not entitled to a discharge in a second voluntary proceeding from debts proved in the prior proceeding, where an application for discharge in that proceeding is still pending.

Appeal from the District Court of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

In the matter of Samuel Freshman, bankrupt. From an order denying his application for discharge in part, bankrupt appeals. Affirmed.

For opinion below, see 290 Fed. 609.

Paul Carrington, of Dallas, Tex. (H. L. Bromberg and Etheridge, McCormick & Bromberg, all of Dallas, Tex., on the brief), for appellant.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court for the Northern District of Texas denying the appellant, who was the bankrupt, his discharge. The appellee was an objecting creditor, who, however, failed to sustain his specifications of objections by offering proof, and the referee reported in favor of the discharge. He also reported to the District Judge that the bankrupt had filed a former petition in 1915, listing some of the identical creditors and claims, and had applied for a discharge in that proceeding; that the former referee, who had acted as master, had reported in the former case adversely to the discharge; that his report had never been acted upon, and was still pending. The objecting creditor in this proceeding has filed no specification of objection based upon the pendency

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the former application, and has offered no proof in support of such objection. The report of the referee, in this case, was against denying the bankrupt his discharge, because of his former application for discharge under his first petition. The District Judge, differing with the referee, denied the bankrupt his discharge solely because of the pendency of his former application. He also denied the bankrupt a discharge in the first proceeding, as recommended by the referee, upon the merits and upon the objections of the appellee filed in that case. This appeal is taken from the denial of the bankrupt's discharge upon his second application.

The appellant contends that the District Judge erred in entertaining an objection on this ground, since (1) there was neither pleading nor proof to support it, and the judge was without power to act on his own motion, and to take judicial notice of the pendency and status of the other cause pending in his court; and (2) that the status of the bankrupt's first application furnished no reason for denying his discharge. It is true that there was no appropriate pleading to present the issue, and that no proof was formally tendered on the hearing, and that the judge acted on his own knowledge of the record of the first case and of the identity of the bankrupt in each case (as to both of which facts there is no dispute), supplemented by the report of the referee, which certified the pendency of the former application by the same bankrupt, the adverse report made by the former referee, in which he joined, and that final action upon the first application had never been taken.

[1] 1. The first question is whether the judge had jurisdiction to act, no objecting creditor having raised the issue, and whether he could act on his knowledge of the records of his own court in another cause, when not formally put in evidence upon the hearing before the referee. Section 14 of the Bankruptcy Act of 1898 provides that:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless," etc. Comp. St. § 9598.

We think the language of section 14 is sufficient to vest in the District Judge authority to "investigate the merits of the application" of his own motion, and in the absence of pleading filed by an objecting creditor raising the issue, and that General Order XXXII, prescribing the procedure to be taken upon the hearing of specifications of objecting creditors, does not preclude the District Judge from taking independent action upon his own initiative. His duty is both to hear "such proofs and pleas as may be made in opposition thereto by the trustee or parties in interest" and to "investigate the merits of the application and discharge the applicant," unless legal cause against it exists.

We also think that no formal tender of proof is necessary, provided the District Judge is judicially informed of the facts he relies upon. If he acts in the absence of evidence offered upon the hearing, his action is only to be justified when he acts upon matters of record in his court or upon admitted facts. In the present case he acted both upon his own knowledge of the record of the former case in his own court,

and upon the report of the referee to him of the fact of its pendency, its status, and of the identity of the bankrupt in each of the two cases.

[2] 2. The second question is whether the pendency of the first application by the bankrupt for his discharge, undisposed of, when the District Judge came to pass upon the second application, justified the denial of the discharge, under the second application, as to debts scheduled under both. The bankrupt had a full hearing before the referee upon the first application. The referee had reported the matter to the District Judge in 1915, and no disposition of the report had been made up to November, 1922, when the bankrupt filed a second voluntary petition, nor when his second application for a discharge was made under it.

As to the debts common to both petitions, final action under the first, whether the discharge was granted or denied, would be conclusive of the second. The filing of a second application by the same party for the identical relief, while another was still pending in the same court, would constitute an abuse of the process of the court, which the District Judge would have the right to redress by denying a discharge upon the ground of the pendency of the first application. If the bankrupt had the right to apply repeatedly under voluntary petitions, successively filed by him, for a discharge, and if the District Judge was required to grant each application, if no party in interest appeared and filed objections, even though he knew of the pendency of the former applications, it would result that the bankrupt would eventually obtain his discharge by wearing out objecting creditors by means of such repeated applications. The District Judge, being disabled from acting on his own motion, and unable to act on his own knowledge of facts that would disentitle the bankrupt to a discharge, would, if appellant's contention is correct, be powerless to prevent this evil. The bankrupt could suffer no injury from a denial of a discharge in the second proceeding, as to debts scheduled in the first, having left him a full opportunity to obtain his discharge as to such debts under his first application. Having that opportunity, he lost nothing by what was in effect the dismissal without prejudice of his second application.

The District Judge has since denied him a discharge under the first application upon the merits. It is open to him to appeal from that denial, and upon such appeal present in this court the identical questions, as to his right to a discharge from debts scheduled in both petitions, as he would have under the present appeal. He was granted a discharge in this case from all debts scheduled under the second petition only. If a discharge had been granted him as to the common debts under the second application, and denied as to the same debts under the first application, an anomalous situation would have resulted. We think the orderly administration of justice could have been accomplished only through the method adopted by the District Judge by denying the discharge under the second application as to common debts, and granting it as to others.

The order of the District Court to this effect is affirmed.