STATE OF MISSOURI at the Relation of HOLMAN D. PETTIBONE, Relator, v. JERRY MULLOY, Judge of Division No. 2 of the Circuit Court of St. Louis County, and JOSEPH A. STIFFELMAN.—52 S. W. (2d) 402.

Court en Banc, July 7, 1932.

*S. Mayner Wallace, Stern & Burnett* and *B. L. Liberman* for relator.

HENWOOD, J.—This is an original proceeding wherein relator seeks to prohibit respondent judge from enforcing an order appointing respondent Stiffelman temporary receiver of certain property owned by relator, and from making any further orders, in a suit filed by Ike Landau in the Circuit Court of St. Louis County against relator and nine others, and to prohibit respondent Stiffelman from taking charge of said property.

The temporary receivership order was entered on April 8, 1932, immediately upon the filing of the petition in the suit below; also an order directing defendants in said suit to show cause, on April 18, why said receivership should not be made permanent.

Our preliminary rule in prohibition was issued and served on April 18.

On April 29, respondents filed their return, in which they admit that respondent Mulloy is Judge of Division No. 2 of the Circuit Court of St. Louis County, and that respondent Stiffelman was appointed temporary receiver of certain property owned by relator, as alleged by relator in his petition for a writ of prohibition; and "for further return" respondents state that the suit below was dismissed on the application of plaintiff therein on April 28 (a certified copy of the order of dismissal being attached to the return), and for that reason respondents pray that our preliminary rule in prohibition be quashed.

Relator contends that the order of dismissal of the suit below is void because it was made in violation of our preliminary rule in prohibition; and as a ground for prohibition relator contends that the allegations of plaintiff's petition in the suit below are not sufficient to authorize the appointment of a receiver.

Respondents have filed no brief, and as shown above their return presents no defense herein except the dismissal of the suit below.

I. In making the order of dismissal of the suit below respondent judge violated our preliminary rule in prohibition, in which he was commanded "to take no further steps" in said suit until the further order of this court. Therefore, said order is void and of no force or effect, and for the purpose of this proceeding the suit below must be regarded as still pending. While we will assume, in this instance, that respondent judge did not intentionally disobey the mandate of this court, it seems advisable to repeat here what we said on a former occasion. It follows:

"Under our law and practice, after our preliminary writ is granted the court to which it is directed has absolutely no authority or jurisdiction to, in any manner, proceed further. It cannot entertain motions to dismiss the proceedings, or take any other action in the premises. This should be better understood by the *nisi* courts of this State, as our records disclose that, in some cases, after the issuance of our preliminary rule the court *nisi* has proceeded to act to some extent. We take this occasion to say that after the issuance of our preliminary rule, or even after notice is served of the intended application for our preliminary rule, the trial court should proceed no further, but await the action of this court." [State ex rel. v. Board of Trustees of Y. W. C. A., 268 Mo. l. c. 167, 186 S. W. l. c. 681.]

II. In his petition in the suit below plaintiff alleges, in substance, that he brings the suit in behalf of himself and all other holders of certain bonds; that defendant Pettibone (relator herein) is the owner of a certain lot in St. Louis County; that on said lot is located

the Parkview Building, consisting of one large theatre room, seven store rooms and approximately forty-five apartments; that in order to complete the construction of said building the then owner obtained a loan of $350,000 in the form of first mortgage gold bonds dated June 21, 1923, bearing interest at seven per cent per annum and secured by a duly executed and recorded deed of trust on said lot and building; that the amount of said loan now unpaid and of said bonds now outstanding is approximately $270,000; that he (plaintiff) is the owner of eleven of said outstanding bonds of the total par value of $5,500; that the interest due in July, 1931, and in January, 1932, has not been paid on any of said outstanding bonds; that defendant Pettibone, or his predecessors in interest, leased to certain persons each of the forty-five apartments in said building for $15 per month, though each of said apartments was reasonably worth $45 per month under proper management of said building; that by reason of said leases and others of like character said building was operated at a loss of five or six thousand dollars per year in 1930 and in 1931 and the value of said outstanding bonds has been reduced to one-half of their par value; that defendant Pettibone is not attempting in good faith to manage said building in a practical and successful manner or to prevent depreciation in the value of said building or to provide for the payment of the interest on said outstanding bonds or for the redemption of said outstanding bonds as they mature; that the continuation of said mismanagement of said building will further diminish the value of said outstanding bonds, and unless steps be taken for their protection the holders of said outstanding bonds will suffer a large financial loss; that two of the other defendants are named as trustees in said deed of trust; that in an agreement dated December 12, 1929, the other seven defendants are named as members of the bondholder's protective committee, which was formed for the protection of all holders of said bonds then outstanding; that said defendants have filed and refused to take any steps to prevent said mismanagement of said building or to prevent depreciation in the value of said building or to otherwise protect the holders of said outstanding bonds; and plaintiff prays that a temporary receiver be appointed to take charge of said property; that defendants be ordered to show cause why said receivership should not be made permanent, pending the determination of the rights of the respective claimants thereto; and that the court make such further orders as may seem meet and proper.

It will be noted that plaintiff in the suit below does not even attempt to state a cause of action for ultimate relief, and that he seeks no relief except the appointment of a receiver to take charge of and to manage the property described in his petition. In other words, plaintiff's petition in the suit below shows on its face

that the sole object of said suit is a receivership. True, plaintiff alleges that he is the holder of certain mortgage bonds for the payment of which said property is pledged as security, that the interest due on said bonds in July, 1931, and in January, 1932, has not been paid, that said property has been mismanaged by its present and prior owners, that said mismanagement has resulted in a depreciation of the value of said bonds and a financial loss to him as the owner thereof, and that a continuation of said mismanagement will result in further depreciation of the value of said bonds and further financial loss to him; but, he does not allege that the trustees under the deed of trust covering said property have failed or refused to discharge their duties, nor does he pray for a foreclosure of said deed of trust or for a recovery on said bonds. And, while he prays for a permanent receivership "pending the determination of the respective rights of the divers claimants" to said property, he does not attempt to allege the facts necessary to a determination of said rights, and the allegations of his petition furnish no basis for such final relief.

"The appointment of a receiver is made by a court of equity, in the performance of one of its prerogative functions, and as incidental to, and in aid of, its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it. It is one of the modes in which the preventive justice of a court of equity is administered; its object is to secure and preserve the property or thing in controversy, pending the litigation, so that it may be subjected to such order or decree as the court may make or render; and it is for the benefit of all concerned." [53 C. J. 19.] "While the appointment of a receiver may be a part of the relief asked, such appointment is not final relief, nor is it the end or object of litigation; it is merely an ancillary, auxiliary, incidental, and provisional remedy, allowable, only in, or in connection with, an action pending for some other purpose, and in which there is a prayer for other and final or ultimate relief, which the court has power and jurisdiction to grant, which justifies it in proceeding with the case, and to which the appointment of a receiver is an aid." [53 C. J. 21, 22.] This rule is well established in this State, and further discussion of it here is unnecessary. [See our recent decisions in State ex rel. v. Mulloy, 43 S. W. (2d) 806, and Laumeier v. Sun-Ray Products Co., 50 S. W. (2d) 640.]

It follows that the circuit court is without jurisdiction to appoint a receiver in the suit below, and that the order of respondent judge appointing a temporary receiver therein is void.

The preliminary rule in prohibition is made absolute. All concur.