STATE OF MISSOURI at the relation of METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Relator, v. W. C. HUGHES, WM. DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—148 S. W. (2d) 576.

Court en Banc, March 12, 1941.

*Fordyce, White, Mayne, Williams & Hartmann* and *Oliver & Oliver* for relator; *Harry Cole Bates* of counsel.

550

*W. A. Brookshire* for respondents.

TIPTON, J.—This is an original proceeding in certiorari to review the record in the case of Adams v. Metropolitan Life Ins. Co., reported in 139 S. W. (2d) 1098, wherein the respondents, as Judges of the St. Louis Court of Appeals, affirmed a judgment obtained by the plaintiff against the relator growing out of a policy of group insurance issued to the St. Joseph Lead Co., by whom the plaintiff was employed. The plaintiff was injured on December 16, 1923, and he claims he

received permanent disability, and, therefore, that he comes within the terms of the policy.

The essential facts as found by respondents are as follows:

"On March 5, 1932, respondent filed suit, based on the same disability as this suit, in the Circuit Court of Madison County, which case was transferred to the Circuit Court of Butler County and there tried before a jury, and a verdict and judgment given for respondent for the full amount sued for, $2,808.75. In due course an appeal was taken by the defendant to the Springfield Court of Appeals, and on the 24th day of August, 1934, that Court reversed the judgment. For further statement of that case see Adams v. Metropolitan Life Ins. Co., 228 Mo. App. 915, 74 S. W. (2d) 899. Thereafter respondent on November 1, 1934, filed in the Supreme Court its petition for a writ of certiorari, seeking to set aside and quash the said judgment of the Springfield Court of Appeals, and a writ of certiorari was issued. Thereafter on September 7, 1935, the Supreme Court quashed the writ of certiorari for the reason, as shown by its judgment, that relator had failed to comply with the rules of that court.

"This suit was filed in the Circuit Court of St. Francois County on August 12, 1935, an amended petition being filed on November 9, 1936, and trial before the court, a jury being waived, on November 18, 1938, resulting in a judgment for plaintiff for the full amount sued for, $2,808.75, from which judgment, after unavailing motions for new trial and in arrest of judgment, defendant appeals.

"The defense plead and now relied upon is that the judgment of the Springfield Court of Appeals in the prior suit and the judgment of the Supreme Court quashing its writ of certiorari are *res adjudicata* as to this case, . . ."

In ruling that the judgment of the Springfield Court of Appeals was not a bar to this suit, the respondents said:

"The plaintiff in this case is in precisely the same position as though his first case had been non-suited or dismissed because prematurely brought. The first suit and the Springfield Court of Appeals' judgment therein is *res adjudicata* of every issue determined in that case, or that could have been properly determined. The Springfield Court of Appeals only determined that due proof had not been made before the institution of that suit, it did not and could not determine that a cause of action could not arise thereafter by the furnishing of due proof. And while its opinion correctly states the law as to the issue then before that court, so likewise does the Wollenberg case, supra, correctly state the law."

The relator contends that this ruling of the respondents contravenes the latest controlling holding of this court. It is to be remembered that the first case was tried on the merits in the Butler County Circuit Court where a judgment was obtained against the relator. On appeal to the Springfield Court of Appeals, that court entered *a judgment reversing the judgment of the trial court*. It did not reverse and

remand the judgment to the trial court with directions to dismiss the plaintiff's petition. The respondents interpreted the opinion of the Springfield Court of Appeals to hold that the first suit was prematurely brought. Assuming without deciding that to be true, the judgment of that court was that the judgment should be reversed. Even if it were an erroneous judgment it would be adjudication of the matter.

We have so held in the case of United States ex rel. and to use of First National Bank of Cape Girardeau v. Lufcy, 329 Mo. 1224, 49 S. W. (2d) 8, l. c. 14, wherein we said:

"It is a familiar principle of the doctrine of *res judicata* that even though a judgment may be erroneous (not void), so that it might have been reversed on appeal, it is nevertheless effective as a bar to further suits. [34 C. J. 768, sec. 1184; 15 R. C. L. 957, sec. 433.] It is, also, well settled that a former judgment is a bar, not only as to all matters which were raised, but also as to all defenses which could have been raised."

Again, in the case of State v. Bliss, 99 S. W. (2d) 71, l. c. 72, we said:

"The doctrine of *res judicata* is applicable to an appellate court as well as to a trial court."

To the same effect, see Berry v. Majestic Milling Co., 304 Mo. 292, 263 S. W. 406; Strottman v. St. Louis, I. M. & S. Ry. Co., 228 Mo. 154, 128 S. W. 187, 30 L. R. A. (N. S.) 377.

We hold that the respondents' ruling that the Springfield Court of Appeals' judgment was not a bar to this action contravenes the rulings of this court. And even though the reasons assigned by the Springfield Court of Appeals may have been erroneous (which we do not decide), yet that court had jurisdiction to enter a judgment of outright reversal, which it did, and under our rulings it would be a bar to a subsequent suit on this policy of insurance.

A casual reading of the cases of Couch v. Harp, 201 Mo. 457, 100 S. W. 9; McQuitty v. Wilhite, 218 Mo. 586, 117 S. W. 730, 131 Am. St. Rep. 561, and Baldwin v. Davidson, 139 Mo. 118, 40 S. W. 765, 61 Am. St. Rep. 460, will show that they do not sustain the respondents' ruling in this case.

It follows that the record of respondents should be quashed. It is so ordered. All concur.