LAWRENCE EDWARD CHANCE and ERMA M. CHANCE, Appellants, v. MYRTLE FRANKE.—153 S. W. (2d) 378.

Division Two, July 25, 1941.

*Dubinsky & Duggan* for appellants.

*W. Donald Dubail, Walter Lambert, Oliver F. Erbs* and *Leonard C. Jacobs* for respondent.

BOHLING, C.—On September 15, 1939, Lawrence Edward Chance and Erma M. Chance, as husband and wife, instituted an action against Myrtle Franke to quiet title to certain described real estate in St. Louis County, Missouri, and for other relief. Among other things, the petition alleged that on October 4, 1930, a suit entitled Mutual Press Brick & Quarry Company, a corporation, v. Eugene Tomaselli et al., had been instituted "for the foreclosure of a pretended mechanic's lien;" that on October 24, 1938, "a judg-

ment and decree was rendered in said cause," purporting to establish various liens against the real estate described in plaintiffs' petition, and, after a pretended sale under said judgment and decree, the sheriff of St. Louis County, by his deed dated August 23, 1939, purported to convey the title to said real estate to defendant; that said judgment and decree, in ▮▮▮ so far as it purports to affect the plaintiffs and their title to said real estate, is null and void because, among other reasons sufficient for this review, plaintiffs were never made parties to said cause, were never served with process therein, or given notice thereof, and did not appear therein. The petition further alleged that defendant claimed exclusive ownership of said real estate and threatened, by means of a writ of assistance, to eject and oust plaintiffs. The prayer asked for a determination of the title; that defendant be restrained from taking action to enforce said alleged void judgment and from ejecting plaintiffs; that said judgment be held null and void as to plaintiffs and their interests in said real estate and that said sheriff's deed be cancelled.

Plaintiffs' action was returnable to the January Term, 1940, of the Circuit Court of St. Louis County. On December 8, 1939, the court sustained defendant's "motion to dismiss" and rendered judgment conforming thereto. Plaintiffs appeal and assert error in the court's entertaining and sustaining the motion.

The grounds of defendant's motion were: (1) that the court had no jurisdiction over the issues; (2) that Mutual Press Brick & Quarry Company v. Eugene Tomaselli was an equitable mechanic's lien case and was pending in Division No. Two of the court; (3) that plaintiff Lawrence Edward Chance appeared in said mechanic's lien suit and filed a motion for new trial therein, which was overruled on January 30, 1939, and no appeal was taken, and (4) that the petition did not state a cause of action.

▮▮▮ The Circuit Court of St. Louis County consists of four divisions. [Sec. 2309 et seq., R. S. 1939.] The equitable mechanic's lien suit was assigned to Division No. 2, whereas the instant action was assigned to Division No. 4. Defendant says that one division of the Circuit Court of St. Louis County may not interfere with the process of another, citing Voullaire v. Voullaire, 45 Mo. 602, 607, 608; Haehl v. Wabash Ry. Co., 119 Mo. 325, 337, 24 S. W. 737, 739, involving, respectively, actions on a motion for a new trial and an application for a special jury by divisions of a circuit court not having the case for trial. They differ materially from the instant situation. Here we have an action to quiet title and, as an incident thereto, relief from an alleged void judgment rendered by the court in which the quiet title action was instituted. Section 1665, R. S. 1939, Mo. Stat. Ann., p. 1660, Sec. 1501, authorizes "proceedings on an injunction to stay a suit or judgment . . . in the county where the judgment was rendered or the suit is pending . . ." Goddard

v. Delaney (Banc), 181 Mo..564, 581(IV), 80 S. W..886, 891(4), cited by defendant, while recognizing the proper application of the principle announced in the Voullaire case, said: ''But when a suit is ended, final judgment entered and all proceedings therein have ceased, the record in the cause belongs to the whole court. In such cases when, after final judgment, proceedings like the prosecution of a writ of *scire facias* arise, we perceive no reason why the cause, for that purpose, should not be assigned in the due course of the practice established by the rules of court to any division of the court whether it be the one in which the judgment was originally entered or not.'' Whether the alleged void judgment had the attributes of a final judgment is considered under the next point.

■ Defendant, on the theory the equitable mechanic's lien statutes contemplate that the rights of all parties interested in the real estate be determined in the statutory equitable action when applicable, asserts the motion to dismiss was proper. Defendant states that all parties having any right, title or interest in the real estate may have that determined in the equitable mechanic's lien action (Sec. 3570, R. S. 1939, Mo. Stat. Ann., p. 5008, Sec. 3180); that, after filing of such equitable action, it is exclusive of all other suits and the rights of all shall be adjudicated in the equitable action (Secs. 3573, 3576, R. S. 1939, Mo. Stat. Ann., pp. 5012, 5014, Secs. 3183, 3186); and that all whose rights are not disclosed at the time of the filing of the equitable action are bound by the judgment therein, ''but any such person shall be entitled upon application to the court to be made a party to said action at any time before final disposition by the final judgment of the court therein of the proceeds of said property and shall be entitled according to their respective rights to participate in the proceeds of the sale . . .'' (quoting, Sec. 3571, R. S. 1939, Mo. Stat. Ann., p. 5010, Sec. 3181). With respect to the allegations in plaintiffs' petition, it is deserving of mention that owners disclosed by the proper public record, under said Sec. 3571, ''shall be made parties to said action.'' Defendant stresses Macklind Inv. Co. v. Ferry (Div. I), 341 Mo. ■ 493, 498[4], 108 S. W. (2d) 21, 23[6, 7]; and mentions Richards Brick Co. v. Wright, 231 Mo. App. 946, 82 S. W. (2d) 274.

Plaintiffs' petition charged that a void judgment was in existence.

We note the observations in the Macklind Investment Company case to the effect that said plaintiff filed his petition three days before the sale, sought to be enjoined, under the equitable mechanic's lien judgment and that ''the judgment in the lien suit was not final, but was awaiting the report of sale by the special commissioner.'' This observation was dictum as it appears the parties in said case treated the motion to dismiss as an answer; and it is to be noted, among other things, that the Macklind Investment Company ''was a *party* defendant'' in the equitable mechanic's lien action and the issue here

insisted upon appears to have been not presented there. State ex rel. Maple v. Mulloy (Div. I), 322 Mo. 281, 287, 15 S. W. (2d) 809, 812[2], holding, after reasoning the issue and in order to reach a determination, a judgment such as is disclosed by the proof dehors the record in the instant case to be a final judgment determining all the rights of the parties, was neither overruled nor mentioned in the Macklind Investment Company case. [See also Hydraulic Press Brick Co. v. Lane, 198 Mo. App. 438, 453, 200 S. W. 306, 310[1].] We think the last-mentioned cases rule correctly and the observation in the Macklind Investment Company case inadvertently made in reaching the ultimate conclusion. Said Secs. 3570, 3571, 3573, 3576, R. S. 1939, are part of an act of the General Assembly of 1911 (Laws 1911, p. 314) to amend then Art. 3 of Chap. 74, R. S. 1909 (now Art. 3, Chap. 26, R. S. 1939), the mechanic's lien law, by adding certain new sections to said article. The ruling in the Maple and Hydraulic Press Brick Company cases are not out of harmony with the provisions of said mechanic's lien law to the effect that those not made parties are not bound by the proceedings (Sec. 3555, R. S. 1939, Mo. Stat. Ann., p. 4996, Sec. 3165); that the execution shall be a special *fieri facias*, returnable as ordinary executions, and the advertisement, sale and conveyance under the same shall be made as under ordinary executions (Sec. 3561, R. S. 1939, Mo. Stat. Ann., p. 5001, Sec. 3171), and that, unless otherwise provided, the law and rules of procedure in civil actions generally govern (Sec. 3576, R. S. 1939, Mo. Stat. Ann., p. 5014, Sec. 3186).

Whether all the rulings in the Richards case are to be confirmed may well await cases wherein such action is essential to the determination of issues presented. Mechanics and materialmen were afforded statutory means for the protection of their claims prior to the addition of the equitable mechanic's lien statutes. The primary purpose of said statutes of 1911 was the protection of the owners and others interested in the property from being vexed by the necessity of defending a multiplicity of suits rather than the restriction of the statutory rights afforded lien claimants. Giving the statutes that reasonably liberal construction to which they are entitled for the accomplishment of the purposes of the law and the preservation of the lien claims, within the scope of the law, the quaere is presented: Does a lien claimant who timely protects his rights and institutes an independent action lose his statutory rights merely because he fails to timely appear in an equitable action of which he has not been notified by the ordinary process of law or may such a lienor protect his rights by taking steps to consolidate the actions?

No issue involving the sufficiency of plaintiffs' petition was presented nisi or here. From what we have said and as disclosed by the third ground of the motion (aided by the proof dehors the record proper, plaintiffs not appearing thereat), the gravamen of defend-

ant's complaint is that plaintiffs' title stands adjudicated adversely to plaintiffs' contentions in the petition by the decree in the equitable mechanic's lien action; the defense of *res judicata*. Where, as here, this matter does not appear in the adversary's pleading, the plea of *res judicata* has been held a defense to be affirmatively pleaded. [Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 155, 65 S. W. 1035, 1038; Kilpatrick v. Robert, 278 Mo. 257, 262(I), 212 Mo. 884, 885[1]; Munday v. Knox, 323 Mo. 411, 436(I), 18 S. W. (2d) 487, 497; O'Donnell v. Mathews, 221 Mo. App. 657, 661, 284 S. W. 204, 206[2]. Consult Annotations, 120 A. L. R. 8; 101 A. L. R. 1325; 34 C. J. 1058, sec. 1494.] "The only pleading on the part of the defendant is either a demurrer or an answer." [Sec. 920, R. S. 1939, Mo. Stat. Ann., p. 997. Consult Secs. 922, 926, R. S. 1939, Mo. Stat. Ann., pp. 1000, 1010, Secs. 770, 774; Mertens v. McMahon, 334 Mo. 175, 66 S. W. (2d) 127; Hallen v. Smith, 305 Mo. 157, 264 S. W. 665.] Sometimes pleas denominated "motion to dismiss" are designed to function and are treated as a demurrer or an answer, but complaint is ▉▉▉ made to the action of the court in the instant case.

Defendant filed a motion to dismiss plaintiffs' appeal and also an additional abstract of the record. From our discussion it is apparent we have a sufficient record before us to rule the issues presented and there is no occasion for a discussion of any alleged defect in plaintiffs' abstract, if defective. [Maness v. Graham, 346 Mo. 738, 142 S. W. (2d) 1009, 1010[1], and cases cited.]

The motion to dismiss the appeal is overruled and the judgment is reversed and the cause remanded with directions to reinstate plaintiffs' petition on the docket and further proceed with the action. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.