**SE–MA–NO ELECTRIC COOPERATIVE, Plaintiff-Appellant,**

v.

**CITY OF MANSFIELD, Missouri, G. C. Freeman, Mayor, Tom Abrams, Joe Bottomly, Dennis Lynch and E. R. Smith, Aldermen of the City of Mansfield, Missouri, Defendants-Respondents.**

No. 7738.

Springfield Court of Appeals.

Missouri.

Dec. 9, 1958.

Motions for Rehearing or to Transfer Overruled Jan. 20, 1959.

Farrington & Curtis, Springfield, for plaintiff-appellant.

Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, for defendants-respondents.

DEW, Special Judge.

Appellant commenced this action by the filing of its petition in the Circuit Court of Wright County, Missouri, on June 20, 1957. The action seeks to enjoin the sale of bonds voted by the respondent City of Mansfield, Missouri, for the construction within the city limits of an electric transmission system; to prevent the execution of any contracts for such construction in any manner; and, upon a hearing on the merits, that a permanent injunction to that effect be decreed for the period of certain contracts attached, existing between the City and the appellant for the furnishing of electricity for the City's street lights and pumping station. While the record discloses no motion filed to challenge the sufficiency of the petition to state a cause of action, it does show that on the day the petition was filed both parties appeared by counsel, obtained time to file their respective briefs in the trial court, and that, on August 15, 1957, the court entered its order dismissing the petition and rendering a judgment for the defendants, as follows: "Petition dismissed for failure to state a cause of action. Plaintiff refuses to plead further. Judgment for defendant. Costs taxed against plaintiff." Neither party denies here that the issue of the sufficiency of the petition to state a cause of action was properly before the trial court, and it shall be so considered.

Appellant duly filed its motion for new trial on August 15, 1957. The court made no ruling on that motion, and at the expiration of 90 days after its filing it became automatically denied under Section 510.360 RSMo 1949, V.A.M.S., and within 10 days after the judgment had thus become final, appellant filed its notice of appeal to the Supreme Court of Missouri. Thereafter, the Supreme Court transferred the appeal to this court on jurisdictional grounds, having made no further orders therein.

Prior to the transfer of this appeal to this court, respondents had filed in the Supreme Court their motion to dismiss this appeal, which this court has taken under advisement with the case. The sole ground asserted in the motion to dismiss the appeal is res judicata, the same point chiefly relied on by the respondents in this appeal and which has been briefed and orally argued by both parties. We prefer to consider that plea in the broader aspects as raised on the appeal, and therefore overrule the motion to dismiss the appeal.

The petition in this case alleges that the City of Mansfield, Missouri (hereinafter referred to as the "City"), is a city of the fourth class; that the appellant is a corporation organized under the laws of Missouri; that the remaining respondents are the Mayor and Aldermen of said City; that, in May 1942, by ordinance, the City granted a franchise, since assigned to appellant, for a period of twenty years, to erect, install, construct, maintain, own, operate, manage and control, within the city limits, an electrical transmission and distributing system, which franchise is still in effect, a copy of which is attached to the petition as an exhibit; that on November 28, 1950, the City entered into two separate contracts, since assigned to appellant and still in effect, for a period of ten years from date, to purchase from appellant, as assignee of such contracts, all the electrical energy which might be necessary for and used by the City, in operating its pumping station and in lighting its streets, respectively; that both of said two latter contracts were duly authorized, a copy of same being attached to the petition as exhibits.

The petition further avers that the residents of the City, pursuant to an ordinance passed by its Board of Aldermen, have voted bonds for the purpose of constructing an electrical transmission and distributing system in the City; that the City and the other respondents have since contracted for the sale of said bonds and have authorized the execution of contracts for the purchase of materials and for the immediate construction of an electrical transmission and distribution system within the City, including the street lighting, and if not restrained, respondents will proceed immediately with the construction of said system and, "as soon as the same is completed, will place the same in operation in direct competition with the system operated by the plaintiff."

The petition further states that the sale of the bonds and the execution of said contracts for such construction and the construction of such a system would, because of the City's election to exercise its statutory power to purchase from appellant, as assignee of such contracts, all of its requirements for electrical current, be illegal, void and unauthorized in law, in violation of the constitutional and statutory powers of the City; that such construction would constitute illegal and unlawful competition with the appellant under its franchise and would result in irreparable injury and damage to appellant; that appellant has no adequate remedy at law.

The prayer of the petition is for a temporary injunction against the respondents, enjoining and restraining them from selling said bonds for the construction of an electrical transmission and distribution system within the City, and from executing any contracts for such construction within the City, and from constructing the same in any manner; and that, upon a hearing on the merits, respondents be permanently so enjoined for the period of the appellant's contracts for street lighting and for the City's pumping station referred to, and for general relief.

The appellant contends that its petition states a cause of action; that the trial court erred in its ruling to the contrary and in dismissing it, and in entering judgment for the respondents. It asserts that the action is proper to obtain for itself, the holder of the franchise pleaded, injunctive relief against unlawful competition with it; and

that the City, as pleaded, having had the statutory right, under Section 88.770 RSMo 1949, V.A.M.S., either to contract for the purchase of electrical services to it, or to produce its electricity from its own plant, and having elected to purchase such services from appellant, as alleged, is powerless to produce its own electricity during the term of the purchase contracts.

The respondents take the firm position that the dismissal of the petition by the trial court and the judgment entered in its favor were proper because (1) the petition fails to state a cause of action, (2) that the matters alleged in the petition are res judicata, and (3) the trial judge would have committed contempt if he had entertained the petition in view of the permanent writ of prohibition issued by this court against the trial judge in a former proceeding between the same parties, in which, it is claimed, the issues in the present case have been finally adjudicated, and by reason of which this proceeding is barred.

The first issue presented is whether the judgment of this court in a former proceeding between the same parties may be considered by this court, and, if so, does it constitute res judicata or a bar to the present action. If that defense applies, it would serve no purpose to discuss the sufficiency of the present petition as though there had been no previous suit here between the parties, nor to discuss the possible contempt liability suggested by the respondents.

The former action was not only between the same parties, but admittedly involved the same facts and sought the same relief. In that case the trial court had issued a temporary injunction, as prayed, whereupon the defendants (defendants and respondents herein) applied to this court for a writ of prohibition against the trial judge to prevent his further action in that cause for the reason that the petition failed to state a cause of action, that the judge did not have jurisdiction to proceed further in the matter, and was acting in excess of his authority. Our temporary writ of prohibition in that case was made permanent, and the temporary injunction was dissolved. The opinion and judgment of this court in said prior action appear in State ex rel. City of Mansfield v. Crain, 301 S.W.2d 415.

In the former case referred to, the petition alleged, under the same facts as pleaded here, that the respondents, by reason of the contracts to purchase electricity from the appellant, had impliedly agreed not to compete with the appellant. This court ruled that the petition therein failed to state a cause of action and could not be amended to do so "upon any theory within the purview of the facts alleged, and it is not suggested how such petition can be amended without proceeding upon a different theory and *cause of action.*" (Italics supplied)

Ten days after all motions in the prior case for a rehearing, and to transfer to the Supreme Court were denied, the appellant instituted the present proceeding.

Appellant insists that this court cannot consider the issue of res judicata; that under the record we can consider only the question whether the present petition states a cause of action; that the defense of res judicata is an affirmative defense and must be specifically pleaded and proved; that there is no record of any such pleading or proof before us; and that the defense of res judicata cannot be raised for the first time on appeal.

It is true that "in a pleading to a preceding pleading," the plea of res judicata is an affirmative defense and is required to be pleaded and proved when it does not appear on the face of the adversary's pleading. Section 509.090 RSMo 1949, V.A.M.S.; Hume v. Wright, Mo., 274 S.W. 741; Chance v. Franke, 348 Mo. 402, 153 S.W.2d 378. Nor is it usually allowable to plead res judicata for the first time upon appeal. Chance v. Franke, supra. However, as stated, the defense was pleaded in this court in the case at bar, not as a pleading to a preceding pleading, but by a motion to dismiss the appeal and,

**728**

furthermore, the prior proceedings and judgment on which the plea of res judicata is based here are matters of record of this court. Moreover, this court may take judicial notice of its own judgment in a prior case between the same parties on the same facts in a proceeding for the same relief, in connection with a plea of res judicata filed in this court. We may take such notice either on our own motion or by reason of the suggestion made by the respondents. 31 C.J.S. Evidence § 50a, p. 619; Ibid., § 50c, loc. cit. 626; Chance v. Franke, supra; Houck v. Little River Drainage District, 343 Mo. 28, 119 S.W.2d 826, 830. Such judicial notice is equivalent to evidence of the prior judgment. Zickefoose v. Thompson, 347 Mo. 579, 148 S. W.2d 784; Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359. The doctrine of res judicata is as binding on an appellate court as it is on a trial court. State ex rel. Metropolitan Life Ins. Co. v. Hughes, 347 Mo. 549, 148 S.W.2d 576; State v. Bliss, Mo., 99 S.W.2d 71, 72; Chouteau v. Gibson, 76 Mo. 38.

■ The further point is made by appellant that the judgment of this court in the prior case referred to was on an application for prohibition on the ground that the petition failed to state a cause of action and that such judgment did not determine the merits of that case and, therefore, it cannot constitute res judicata in the present proceedings. We find no fault with the statement of the general principle, long established, that a judgment must have determined the merits of a case in order to constitute res judicata in a subsequent proceeding. Motley v. Dugan, Mo.App., 191 S.W.2d 979. However, Section 510.150 RSMo 1949, V.A.M.S. (original Section 101 of the Civil Code of Missouri, Laws of 1943, pp. 353, 385), effective January 1, 1945, provides that a dismissal with prejudice operates as an adjudication upon the merits, and that "any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

The above new statute was explained by the Supreme Court in State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S.W.2d 210. In that case the court said in 213 S.W.2d at pages 211–212: "The prior injunction suit brought by relators against respondents presented the same issues as here except the constitutional question, which was not raised. The circuit court dismissed it on respondents' motion, on the ground that the petition failed to state a claim upon which relief could be granted. Relators did not ask leave to amend their petition under Sec. 81 of the Civil Code, Laws Mo.1943, p. 378, * * * [now Sec. 509.490, RSMo 1949, V.A.M.S.]. Neither did they dismiss the suit voluntarily without prejudice under Sec. 99 of the Code, * * * [now Sec. 510.130, RSMo 1949, V.A.M.S.], or appeal. Under Secs. 59, 61, 62 of the Code, * * * [now Secs. 509.270, 509.290, 509.300, RSMo 1949, V.A.M.S.], the dismissal of a suit on a defendant's motion of the above character is equivalent to the sustention of a demurrer under the former practice, and under Sec. 101, * * * [now Sec. 510.-150, RSMo 1949, V.A.M.S.], constitutes a dismissal with prejudice, *operating as an adjudication upon the merits.*" (Italics supplied)

■ When our writ of prohibition was sought in the previous case between the parties herein, and the appellant herein failed to dismiss that action voluntarily or to move to amend, and stood upon the sufficiency of its petition, the final judgment of this court, making our writ of prohibition permanent on the ground that the petition failed to state a cause of action, and dissolving the temporary injunction, became, in our opinion, under the authority of State ex rel. McMonigle v. Spears, supra, and the statutes therein cited, a final dismissal with prejudice and a judgment upon the merits of that action.

■ It is true that the doctrine of res judicata is not applicable as a bar to a subsequent action when the first judgment was rendered merely because the plaintiff had misconceived his proper remedy. In

such a case, a proper proceeding may subsequently be brought to present the cause of action. 30A Am.Jur., Judgments, § 349, pp. 391–392. But it will be noted that in the instant case the appellant does not seek a different remedy, nor does it now assert a different right, which in both cases is the alleged right to prevent respondents by injunction from constructing and operating an electrical plant in competition with appellant.

In Case v. Sipes, 280 Mo. 110, 120, 217 S.W. 306, 309, the Supreme Court cited and quoted the following language from Southern Pacific R. R. v. United States, 168 U.S. 1, loc. cit. 48, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

■ It is stated in State ex rel. Buchanan County v. Patton, 271 Mo. 554, 197 S.W. 353, 354, that the test of res judicata is whether there is an identity of issues; that a "former judgment is conclusive in a second suit between the same parties where the same legal right as that involved in the former suit comes again in issue, although the second suit is upon a different cause of action." See Boillot v. Income Guaranty Co., Mo.App., 124 S.W.2d 608, 611. Appellant's right to prevent the alleged competition by the respondents because of the contracts alleged, whether on the theory of implied agreement thereby not to do so, or upon the theory that, after having entered into such contracts, it had no authority to build and operate its own plant, must be considered as related matter which could and should have been presented

in one action, and such action having been brought upon one of those theories, the judgment therein is conclusive as to the present action. It is further manifest that proof of the allegations of the former proceeding would establish the allegations of the present case. 15 R.C.L. 963, 964; Healy v. Moore, Mo.App., 100 S.W.2d 601, 605; Johnson v. United Rys. Co. of St. Louis, 243 Mo. 278, 147 S.W. 1077, 1078, 1079. "In the interest of the State there should be an end to litigation arising out of the same subject matter, and it is to the interest of the individual litigant that he should not be vexed twice for the same cause. These are the dual grounds for the doctrine of res judicata, 50 C.J.S. Judgments § 592, pp. 11–13; and it is furthermore the aim of the Civil Code of Missouri that all claims arising out of the same subject matter should be determined in one action." Cantrell v. City of Caruthersville, Mo., 267 S.W.2d 646, 648; Stoops v. Stoops, 363 Mo. 1075, 256 S.W.2d 799.

Under the circumstances shown of record it seems clear that the present action is barred by the former proceeding in this court between the parties and that the trial court properly dismissed the petition herein with prejudice. Accordingly, the Special Commissioner recommends that the judgment for defendant be affirmed.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the court, and the judgment for defendant is affirmed.

RUARK, Acting P. J., and McDOWELL, J., concur.

STONE, P. J., not sitting.

On Motions for Rehearing
or to Transfer

PER CURIAM.

Appellant has filed its motion for rehearing or to transfer this cause to the Supreme Court. Its counsel have ably restated and amplified its contention that the principle of res judicata was not available in this case. As in its briefs, so in its mo-

tion, appellant does not dispute the fact that its first injunction suit, terminated by the permanent writ of prohibition from this court, was against the same parties, upon the same allegation of facts, based upon the same transactions, requiring the same proof, and seeking the same remedy and relief. Nor does the appellant deny that all this appears in the records of this court.

Appellant reasserts its position that this court cannot, in the present case, consider its judgment in the prior case because such former judgment was not pleaded and proved in the trial court in the present action. It concedes that this court may take judicial notice of its own records in lieu of evidence thereof, but insists that the court may not consider such records because they have not been "invoked" by the pleadings in the trial court and that such consideration has been waived by the respondents. In other words, appellant denies the right of this court in the present case to consider, of its own motion, its own record of its own judgment in the prior case.

■ Respondents were not compelled by the Civil Code to raise the issue of res judicata by motion to dismiss in the trial court, although it would have been permissible to do so. Section 509.290, RSMo 1949, V.A.M.S. They could also have pleaded it by answer. Section 509.400. It has been so held. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69, 71. Having rightfully filed their motion to dismiss in the trial court for failure of the petition to state a cause of action, respondents had the right to reserve for their answer, if and when an answer would become due, the defense of res judicata. However, the trial court sustained the motion to dismiss this action for failure to state a cause of action, whereupon the appellant brought the case to this court on appeal. Here, by their motion to dismiss the appeal and by their briefs, respondents raise the defense of res judicata where the prior judgment relied on was rendered, in an original proceeding of which the court had actual and judicial knowledge.

■ Whether or not, under the record, respondents can be held to have waived res judicata as a defense, it is our opinion, as stated, that it was not only the right but the duty of this court, of its own motion, to take judicial notice of and to consider its own recent judgment in an action to prohibit a prior suit between the same parties on the same facts and seeking the same injunctive relief. Sabol v. St. Louis Cooperage Co., Mo., 31 S.W.2d 1041, 1043; Custer v. Kroeger, 313 Mo. 130, 280 S.W. 1035, 1037, 44 A.L.R. 1328; Keaton v. Jorndt, 259 Mo. 179, 168 S.W. 734, 736; Bienville Water Supply Co. v. Mobile, 186 U.S. 212, 217, 22 S.Ct. 820, 46 L.Ed. 1132, 1134; Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193, 195; Id., 5 Cir., 294 F. 867, 868.

■ The appellant further takes exception to the reference in the opinion to the failure of the appellant to move to amend or to dismiss in the prior case, and the suggestion that such failure could have contributed to make the ensuing judgment against it in that case a final and conclusive judgment against it on the merits. It cites the rule that after service of the preliminary writ in prohibition a trial court has no authority to allow amendments or to permit dismissal of the action. Such is the general rule. State ex rel. Pettibone v. Mulloy, 330 Mo. 1084, 52 S.W.2d 402. This *does not mean, however, that the permanent writ of prohibition may not contain such modifications and provisions as to permit and to direct the trial court to take such future action in the proceeding as may be necessary to meet the demands of equity and justice.* 42 Am.Jur., Prohibition, § 47, loc. cit. 183. The court is "not completely circumscribed" in a prohibition proceeding by the relator's petition. State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, 67.

In the opinion of this court in the prior case it was stated that the petition in the first injunction suit did not state a cause of action; that it had not been suggested how such petition could be amended to do

so without proceeding on a different theory and a different cause of action; that in determining whether a cause of action could be stated the petition must be given the benefit of the doubt, since the writ of prohibition must be used with forbearance, and that "However, if it is not apparent to us from our examination of the whole record that a cause of action could be stated, then the failure by the respondent, relying on the possibility of such amendment, to suggest how or in what manner amendment might be made to state a legal cause of action would incline us to the belief that no such cause of action could be stated." Such language of our opinion in the prior case should suffice to justify the disallowance of the point here made.

The appellant's motions for a rehearing or to transfer the cause to the Supreme Court are overruled.